### SCOTT v. IMAN et al.

No. 9215—Opinion Filed Nov. 12, 1918.

Rehearing Denied Dec. 3, 1918.

(176 Pac. 81.)

**1. Appeal and Error—Continuance—Discretion of Trial Court.**

The granting or refusing of an application for a continuance is a matter addressed to the sound discretion of the trial judge, and where it does not appear that such discretion has been abused, his action in exercising such discretion does not furnish grounds for a reversal of the cause in this court.

**2. Appeal and Error—Sufficiency of Evidence—Review.**

When a jury is waived, and issues, both of law and fact, are submitted to the trial court, its finding will not be reviewed by this court, if the evidence reasonably tends to support the same.

**3. Mechanics' Liens—Foreclosure—Attorney's Fee.**

In an action to foreclose a lien, section 3877, Rev. Laws 1910, authorizes the court to allow the successful party a reasonable attorney's fee. The allowance of a fee of $25 to the successful party, in an action to foreclose a lien to secure the payment of $245.90, is not error.

(Syllabus by Davis, C.)

Error from District Court, Murray County; F. B. Swank, Judge.

Action by Harry H. Iman against William J. Scott and Charles A. Bryan. Judgment for plaintiff, motion for new trial overruled, and defendant Scott brings error. Affirmed.

Jno. A. McClure, for plaintiff in error.

Geo. M. Nicholson, for defendants in error.

Opinion by DAVIS, C. This action was begun in the district court of Murray county, Okla., by Harry H. Iman, to recover the sum of $372.17, alleged to be due Mr. Iman from William J. Scott for work and labor performed by Iman for Mr. Scott in the drilling of a well, and to foreclose a lien on certain real estate and a well-drilling rig, and to have the property on which a lien was claimed ordered sold and the proceeds derived therefrom applied to the payment of said sum. Mr. Bryan was made a party for the reason that it appeared that he asserted some interest in the property covered by said lien adverse to the lien of Mr. Iman.

The answer consisted of a general denial. The cause was tried to the court without the intervention of a jury, and judgment rendered in favor of Iman for the sum of $245.90, and the lien was foreclosed and the property covered by the same ordered sold as provided by law.

A motion for a new trial was filed and overruled. From the action of the court in overruling said motion an appeal has been prosecuted to this court for the purpose of review.

The parties will be referred to as they appeared in the lower court.

The first assignment of error is that the court erred in refusing to grant defendants a continuance when the cause was called for trial, and to grant counsel for defendants time to prepare a motion for a continuance. It appears from the record that when the cause was called on the 4th day of December, 1916, for trial that it was continued until the 27th day of December, 1916, by agreement of attorneys for each of the parties, and that when the cause was called for trial on the 27th day of December, 1926, the attorney for Mr. Scott informed the court that his client was not present, and the cause could not be tried. Thereafter, on the same day, Mr. Scott appeared in court, and the order was set aside continuing the cause, and an order made setting the cause for trial on the 28th day of December, 1916. The ground on which a continuance was sought was that Mr. Scott had forgotten to bring with him a book containing certain memoranda of the transactions between plaintiff and defendant, and for that reason a continuance was asked. It appears that the book had been left at the camp located about eight miles in the country.

The action of the court in this matter was an exercise of his discretion, and we are not able to see from the record that this discretion was abused, or that defendant was deprived of any evidence that was material. The matter of granting a continuance or refusing one is a matter addressed to the sound discretion of the court; and, in the absence of an abuse thereof, a cause will not be reversed by this court. Jennings Co. v. Dyer, 41 Okla. 468, 139 Pac. 250.

The next assignment of error is that the court erred in not allowing an item of credit claimed by defendant, Scott, for $133 for board due him from plaintiff and an item of $90 due Mrs. Iman which should have been disallowed. We are unable to say from this record that the court considered or allowed either of these items. The amount claimed was $372.17, and the amount for which judgment was rendered was $245.90. For some reason the court saw fit not to allow all claimed by the plaintiff. All of the items claimed by plaintiff and all credits claimed by Scott were submitted to the court, and a general finding was made in favor of plaintiff for the sum of $245.90. This record does not show that plaintiff was attempting to collect any sum due his wife by defendant, Scott; and, this being true, we cannot conclude that the court included

any such claim in reaching the amount he found to be due plaintiff. There is ample evidence in this record to support a judgment for the entire amount claimed by plaintiff, and because the judgment is not as large as the evidence might warrant furnishes no ground for a reversal of this cause. A jury was waived by each of the parties, and the issues of both law and fact were submitted to the trial court; and, there being sufficient evidence to sustain the finding of the court, its finding will not be reviewed here. Dun v. Carrier, 40 Okla. 214, 135 Pac. 337.

The court allowed an attorney's fee in the sum of $25 in favor of plaintiff and against defendants. This is assigned as error. Section 3877, R. L. 1910, gives the court the power to allow a reasonable attorney's fee to the successful party in an action to foreclose any lien. The foregoing section was sufficient warrant for the action of the court in making this allowance, and in this action there was no error. ·

The foregoing are all of the assignments of error that are complained of. As none of them are well taken, we recommend that the judgment be in all things affirmed.

By the Court: It is so ordered.