## HUTCHINSON LUMBER CO. v. SCRIVENER et al.

No. 11281—Opinion Filed July 24, 1923.

### 1. Appeal and Error — Presumptions — Basis of Verdict.

Where there is one theory, and only one, upon which the jury could reasonably have reached its verdict, based upon the evidence, the court will assume that theory was the one upon which the jury acted in reaching its verdict.

### 2. Same—Harmless Error—Instructions.

Where one instruction of the court, considered separately and apart from the other instructions, erroneously excludes from the consideration of the jury certain items of an account to the detriment of one of the parties, and the jury, notwithstanding such erroneous instruction, finds in favor of such party as to such items, such erroneous instruction will not be considered sufficient grounds for reversal.

### 3. Mechanics' Liens — Right to Materialman's Lien.

In an action to foreclose a materialman's lien under article 2, ch. 44, Revised Laws of 1910, where the evidence does not show that the materialman acted in bad faith, and no fraud attempted, it was error to deny the lien provided by the statute.

### 4. Same — Foreclosure — Right to Attorney's Fees.

In an action for the enforcement of a materialman's lien, where the materialman recovered a judgment for a greater amount than that admitted due by the contractor and the owner, it was error to deny the materialman a reasonable attorney's fee and to award the owner an attorney's fee as against the materialman.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Tulsa County; John L. Coffman, Judge.

Action by Hutchinson Lumber Company against W. J. Scrivener et al. Judgment in part for plaintiff and in part for defendants. Plaintiff appeals. Remanded with directions to modify and amend the judgment and, as modified and amended, affirmed.

Hickman & Bell, for plaintiff in error.

Randolph, Haver & Shirk, H. M. Gray, and C. E. Cooper, for defendants in error.

Opinion by RAY, C. This is an action against a building contractor for $1,872.07 and against the owner to foreclose a materialman's lien. The contractor and owner, answering jointly, admitted the indebtedness of $513.16, which they tendered into court, and denied any indebtedness in excess of that amount. Upon return of the verdict for plaintiff for $1,028.16, the court rendered judgment for that amount as against the contractor, denied the materialman's lien, denied plaintiff's claim for attorney's fee, directed the owner to pay the $513.16 into court to apply upon the judgment, and awarded the owner an attorney's fee of $300 against the materialman. The materialman brings the case to this court by petition in error.

Plaintiff complains of (1) the instructions to the jury given and refused; (2) the amount of the verdict; (3) the amount of judgment upon the verdict; (4) the refusal of the court to enter judgment against the owner upon the verdict; (5) the denial of the lien claim against the real estate of the owner; (6) the denial of a reasonable attorney's fee for the materialman; and (7) the attorney's fee awarded the owner against the materialman.

1, 2, and 3. Plaintiff contends that the court, in his instructions to the jury Nos. 1 and 3, assumed that the defendants' tender of $513.16 was the correct amount, and for that reason excluded from the consideration of the jury two disputed items, one of $375, a credit claimed by defendants and denied by plaintiff, and one of $139.-92, as shown by plaintiff's Exhibits 11, 12, and 13. To determine whether the

instructions, taken as a whole, misled the jury to the detriment of the plaintiff, we will examine the instructions in the light of the agreements and disagreements of the parties.

The parties agreed that the defendant Scrivener contracted to construct a brick building for the defendant Schlegel on certain lots owned by him in the city of Tulsa, and that the plaintiff furnished to the contractor, delivered on the job, the necessary lumber for its construction. They agreed as to the items of materials delivered and used in the building, with the exception of three loads of lumber itemized in plaintiff's Exhibits 11, 12, and 13, amounting to $139.-92. They agreed as to payments made, except the defendants' claim one credit of $375, which plaintiff denied and claimed that the $375 was rightfully credited upon another account of the contractor. The plaintiff claimed that the contractor submitted to its manager a list of the lumber necessary for the construction of the building and that the manager upon that list figured the prices of the various items on the list to be delivered from the yard to the job, which made a total of $2,730.55. That upon that list he made a lump price of $2,072.49, conditioned that the contractor would receive and accept the delivery as the lumber was shipped in, so that the lumber could be delivered direct from the cars to the job. That itemized claim so figured was introduced in evidence as plaintiff's Exhibit 1. The contractor denied ever having seen this itemized list until it was introduced in evidence, but submitted, as a correct list agreed upon between the contractor and the manager of the company, another list which was introduced as defendants' Exhibit 1. This exhibit agreed with plaintiff's Exhibit 1 in this, that it fixed the lump price at $2,072.-49, but differed materially in that it contained several items not included in plaintiff's Exhibit 1. The contractor's testimony was in direct conflict with that of the manager of the plaintiff company. He testified that defendants' Exhibit 1 was the original and only agreement, and that nothing ever was said about whether the lumber should be delivered from the yard or from the car.

They agreed that practically all the material was delivered from the yard and this delivery from the yard makes a difference of $668 in the claims of the parties. They agreed that a large amount of material not included in either party's exhibit was delivered and used in the building. Such materials are referred to as "extras." They disagreed as to the items constituting the "extras." The defendants claimed that only those items not included in defendants' Exhibit 1 should be classed as "extras" and charged for at yard prices, and that the "extras" so figured amounted to $513.16, which they tendered into court. The plaintiff claimed all material furnished, not **specified** in plaintiff's Exhibit 1, as "extras" to be paid for at yard prices.

The verdict was for the plaintiff for $1,-028.16. To reach this verdict, based upon the evidence, the jury must have adopted the defendants' Exhibit 1 as the contract between the parties, and must have found for the plaintiff and against the defendants as to the $375 credit claimed by the defendants and denied by the plaintiff, and the $139.92 shown by plaintiff's Exhibits 11, 12, and 13, claimed by plaintiff and denied by defendants. Allowing for an error of eight cents, these items, together with the $513.16 admitted by defendants, make the verdict returned by the jury. That is the only theory upon which the verdict of $1,028.16 could reasonably have been reached. And when there is one theory, and only one, upon which the jury could reasonably have reached its verdict based upon the evidence, the court will assume that theory was the one upon which the jury acted in reaching its verdict.

The jury having found in favor of the plaintiff as to the items claimed to have been excluded by the court's instructions, plaintiff is not in position to complain. Fidelity-Phenix Fire Ins. Co. v. School Dist. No. 10, 80 Okla. 290, 196 Pac. 700. The other issues were fairly submitted to the jury.

4. Plaintiff complains that judgment was not rendered against the owner on the verdict. A sufficient answer is that plaintiff in its petition did not ask for any judgment against the owner other than for a foreclosure of its lien.

5. The reason for the refusal of the trial court to grant plaintiff's lien is not made to appear from the record. The defendants in their brief and oral argument claim that plaintiff was not entitled to the lien given by the statute, for the reason that its claim was excessive and fraudulent and particularly because of the claim for the items set forth in its Exhibits Nos. 11, 12, and 13, which the defendants denied receiving or using in the building. As above pointed out, the jury found for the plaintiff as to these particular items and

it is not disputed that all other material claimed to have been furnished was received and used in the building. We think the court erred in denying the statutory lien.·

6 and 7. We also think the court erred in awarding the owner an attorney's fee and in denying an attorney's fee to the plaintiff. Section .7482, Comp. Stat. 1921 (sec. 3877, Rev. Laws 1910), provides:

"In an action brought to enforce any lien the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action."

The judgment, in so far as it denied plaintiff's lien and attorney's fee, and awarded the defendants an attorney's fee, should be set aside. The judgment should be decreed to be a lien upon the real estate, and plaintiff should be awarded a reasonable attorney fee.

The cause should be remanded, with directions to modify and amend the judgment in accordance with the views herein expressed, and, as amended, affirmed.

By the Court: It is so ordered.