## ARDMORE HOTEL CO. v. J. B. KLEIN IRON & FOUNDRY CO.

No. 13325—Opinion Filed May 27, 1924.

Rehearing Denied Nov. 18, 1924.

1. **Corporations — Implied Authority of Agents.**

The authority of an officer or agent of a corporation need not necessarily be express, but it may be implied from the circumstances.

2. **Same—Ratification of Acts — Pleading and Proof.**

Evidence of the ratification of the acts of corporate officers or agents is admissible under a general averment of authority or under allegations that the acts were done by the corporation.

3. **Constitutional Law—Equal Protection of Law—Attorneys' Fees in Mechanic's Lien Foreclosure.**

Section 7482, Comp. Stat. 1921, providing that in an action brought to enforce any lien the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee to be fixd by the court, which shall be taxed as costs in the action, is not unconstitutional on the ground that it denies defendant the equal protection of the law, and does not violate section 59, article 5, of the Constitution.

4. **Appeal and Error—Review—Allowance of Attorneys' Fees—Excessiveness.**

If on the foreclosure of a materialman's lien there is evidence to support the trial court's allowance of attorney's fee, an appeal from the judgment it will not be reversed on the ground that the allowance is excessive.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Carter County; B. C. Logsdon, Judge.

Action by J. B. Klein Iron & Foundry

Company against Ardmore Hotel Company. From judgment in favor of the plaintiff, defendant brings error. Affirmed.

Ledbetter & Ledbetter and V. J. Bodovitz, for plaintiff in error.

Shirk. Danner & Fowler, for defendant in error.

Opinion by PINKHAM, C. This is an action commenced in the district court of Carter county by the Pittsburg Plate Glass Company against the Ardmore Hotel Company, a corporation, and others.

The defendant in error, J. B. Klein Iron & Foundry Co., filed an answer and cross-petition setting up two causes of action for material furnished under two contracts with the Ardmore Hotel Company, and praying for a money judgment and the foreclosure of two mechanic's liens against the hotel property of the Ardmore Hotel Company.

The Ardmore Hotel Company filed its answer, duly verified, to the cross-petition of J. B. Klein Iron & Foundry Company, denying generally the allegations contained in the first and second causes of action of the said cross-petition, and the authority of the G. H. Seidhoff Construction Company, and G. H. Seidhoff, to make purchases on its behalf from J. B. Klein Iron & Foundry Company.

The cause of action of the Pittsburg Plate Glass Company was by stipulation disposed of.

The cause was tried before the court and jury and at the close of the evidence of the J. B. Klein Iron & Foundry Company, the Ardmore Hotel Company demurred to the testimony, which was by the court overruled, and exceptions saved.

The Ardmore Hotel Company then presented its case, at the conclusion of which. it requested the court to instruct the jury to return a verdict in its favor; and the J. B. Klein Iron & Foundry Company requested the court to instruct the jury to return a verdict in its favor.

The court sustained the motion of J. B. Klein Iron & Foundry Company, and directed the jury to return a verdict for it for the full amount asked for on both causes of action.

After the testimony of two witnesses on the question of attorneys' fees, the jury being out. the court allowed attorneys' fees to the cross-petitioner.

Thereafter motion of the Ardmore Hotel Company for a new trial was overruled, whereupon it appealed to this court.

The parties will be referred to as they appeared in the trial court: J. B. Klein Iron & Foundry Company as plaintiff, and Ardmore Hotel Company as defendant.

The legal questions involved in this case are presented and discussed by counsel for defendant, Ardmore Hotel Company, under several propositions, the first of which is that a mechanic's or materialman's lien is based on a valid contract with the owner; and operates in rem against the property.

This proposition is undoubtedly a correct statement of the law.

It is contended by the plaintiff that the G. H. Seidhoff Construction Company was not the agent of the defendant hotel company so as to bind it under the alleged contract sued upon, and, further, that the executive committee of the defendant company only had authority to act, and the question on this phase of the case is as to the validity of the two contracts sued upon by the plaintiff.

The record discloses that the Ardmore Hotel Company entered into a contract with the Seidhoff Construction Company, under the terms of which the construction company was to build a hotel for the Ardmore Hotel Company on the percentage basis; that J. B. Klein, of J. B. Klein Iron & Foundry Company, in Kansas City, Mo., in the office of the Seidhoff Construction Company, on February 16, 1918, entered into a contract to furnish certain structural steel for a hotel, this contract being signed by G. H. Seidhoff Construction Company, on behalf of the Ardmore. Hotel Company, and is the basis for the second cause of action in the plaintiff's cross-petition; that at Oklahoma City, on August 12, 1919, the plaintiff entered into a contract to furnish certain elevator closers for the hotel of the Ardmore Hotel Company, signed by J. O. Gill, architect, on behalf of the Ardmore Hotel Company, and is the basis for the first cause of action in plaintiff's cross-petition.

The record further discloses that the first president of the defendant hotel company was Chas. von Wise who testified that three directors composed the executive committee who had charge of the erection and construction of the hotel, and that all contracts were to be submitted to the executive committee for approval; that the defendant hotel company experienced financial difficulties and was later reorganized with one J. R. Sharp as the president.

It appears that Mr. Sharp died in May, 1920. before the time of the trial.

At the time of the trial one C. A. Apple was president of the defendant hotel company. who testified that neither Seidhoff nor Gill were authorized to sign contracts for the purchase of material from the plaintiff.

Mr. von Wise further testified that he was president of the hotel company during 1918 and 1919 when the first contract was made, and that Mr. Sturm was then secretary and Mr. Sharp was then treasurer of the said company; that these three were the directors and comprised the committee; that Mr. Sharp was the largest stockholder and furnished material for the construction of the building with the consent of the others.

He further testified that Seidhoff went out of control of the construction and that Mr. Gill and Mr. Apple took charge. the latter then being president of the defendant company.

With respect to the contract of February 16. 1918, signed by the Ardmore Hotel Company, and G. H. Seidhoff Construction Company, by G. H. Seidhoff, it appears that Sharp and Seidhoff were both present. at that time, and that Sharp told Seidhoff to sign the contract: that Seidhoff signed the contract and handed it to the plaintiff.

The plaintiff testified that all material called for by this contract was furnished: that the material was used in the construction when Sharp and Seidhoff were on the job; that no objection was ever made in the installation of the material; that the Ardmore Hotel Company, by Sharp and Gill, told him. the plaintiff. to go ahead under the contract.

The evidence discloses that Sharp wrote the plaintiff on September 17, 1919, demanding certain material under the contract, and also another letter demanding other material: that Mr. Gill. the architect, was in charge of the building. and that he wrote the plaintiff a letter in regard to the payment of the amounts due plaintiff under the contract. and sent him in this letter $2,000 on account.

In these circumstances we think the Seidhoff Construction Company was authorized to sign the contract involved on behalf of the defendant company, and that it cannot now deny its authority, and that it is estopped by its acts and conduct from denying the authority of the Seidhoff Construction Company to enter into the contract in question on behalf of the defendant company.

"The authority of an officer or agent of a corporation need not necessarily be ex-press but it may be implied from the circumstances." 21 A. & E. Enc. Law (2nd Ed.) 853.

"If an officer of a corporation or other person assuming to have power to bind the corporation by a given contract enters into a contract for the corporation, and the corporation receives the fruits of the contract and retains them after acquiring knowledge of the circumstances attending the making of the contract, it will thereby become estopped from afterwards rescinding or undoing the contract." 10 Cyc. 1067.

It is further contended that Mr. Gill was not the agent of the Ardmore Hotel Company so as to bind it under the contract sued on in the first cause of action, and, further, that the agency of Gill is not alleged nor proved.

There is evidence to the effect that Mr. Gill was general manager and supervising architect.

Mr. Apple, who at the time of the trial was the president of the defendant company, testified that Mr. Gill was authorized by the board—executive committee—to execute contracts for the purchase of material for the defendant company, and that the plaintiff furnished the material and elevator fixtures used in the hotel, and that it had not been paid for.

The record discloses numerous letters from the several officers of the defendant company to the plaintiff demanding material to be furnished under the contract.

It is contended by the defendant that ratification is not pleaded nor proved.

"Evidence of ratification of the acts of corporate officers or agents is admissible under a general averment of authority or under allegations that the acts were done by the corporation." 14a C. J. 855.

A corporation cannot permit the performance of a contract, receive the benefits, and then escape liability on the ground that the contract was ultra vires. Rainbow Oil Co. v. Barton, 70 Okla. 271, 173 Pac. 1135.

"Where the president of the corporation, who had charge of its buying and selling, purchased machinery, and such machinery was installed by the corporation. and part of the price paid in accordance with the terms of the contract, there was a ratification of the president's act, regardless of his authority to purchase the machinery." Reeves v. York Engineering & Supply Co. (C. C. A.) 249 Fed. 513.

The contracts involved in this case were made on February 16, 1918, and August 12, 1919.

We find no evidence in the record of any attempt of the defendant company to disclaim or repudiate these contracts until the time of the suit in August, 1920.

We do not think there was any conflict in the evidence respecting the authority of the Seidhoff Construction Company and Mr. Gill, the architect, to sign the contracts involved on behalf of the defendant company. The only witness called by the defendant was Mr. Apple, who was president of the company at the time of the trial.

We do not understand from the reading of his testimony that he at any time repudiated the testimony of the plaintiff that Mr. Seidhoff and Mr. Gill were the agents of the hotel company. Mr. Apple testified that Mr. Gill was authorized by the executive committee to sign contracts for the purchase of material; that Mr. Gill purchased material, and that he, Mr. Apple, knew the material was coming from the plaintiff. He did not deny that Mr. Seidhoff was the agent of the hotel company in any portion of his testimony.

The mechanics' and materialmen's liens, which were based upon the materials furnished and which went into the property of the defendant under the two contracts, are not attacked in the brief of defendant except in that the validity of the contracts on which they are based is denied.

In these circumstances we do not think the trial court erred in directing a verdict for the plaintiff.

It is finally urged that the court erred in allowing any attorney's fees.

The statute, section 7482, Comp. Stat. 1921, provides that:

"In an action brought to enforce any lien the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee to be fixed by the court, which shall be taxed as costs in the action."

It is contended that the above section is void because it violates article 5, section 59, Constitution of this state, and is in conflict with the 14th Amendment of the Constitution of the United States, which guarantees to all persons equal protection of the law.

In support of this contention defendant cites the decisions of this court in the cases of Chicago, R. I. & P. Ry. Co. v. Mashore, 21 Okla. 275, 96 Pac. 630; Oligschlager v. Stephenson, 24 Okla. 760, 104 Pac. 345; Chicago, R. I. & P. Ry. Co. v. Phelps, Judge, 28 Okla. 333, 114 Pac. 695.

The statute construed in the Mashore Case, supra, is "sec. 1, c. 87, par. 6915, Wilson's Rev. & Ann. St. Okla., 1903", which provided that:

"In all cases within the jurisdiction of a justice of the peace, where any action is brought by any laborer of any kind, clerk, servant, nurse, or other person for compensation claimed due for personal serv. performed, if a recovery be had in such action, the plaintiff shall, in addition to the amount found due, be entitled to recover as part of the costs, a judgment against the defendant, for an attorney's fee of not less than $2.50 and not more than $15, to be fixed by the court for the use and benefit of plaintiff's attorney, together with costs," etc.

In the opinion in the Mashore Case it is said:

"The statute providing the assessment of attorney's fees in cases of this character is violative of the 14th Amendment of the Constitution of the United States in that it does not give to all parties the same equal protection of the law. The defendant being sued for wages under this statute is not on an equal footing with the plaintiff. If he makes an unsuccessful defense he is mulcted in an attorney's fee to be paid to the plaintiff, while if he is successful the plaintiff is not required to pay any attorney's fee to him."

The other cases cited in defendant's brief affirmed the Mashore Case, supra, and are not, we think, applicable to the statute now under consideration which provides: "The party for whom judgment is rendered shall be entitled to recover attorneys' fees;" and does not specify the plaintiff alone.

It will be observed that the attorneys' fees provided for in section 7482, supra, are not fixed and determined by the act, nor imposed strictly as a penalty—but rather in the nature of costs of which the amount is to be determined by the court.

A number of cases from other states are also cited in defendant's brief with reference to this question, but an examination of such cases shows that the court did not have under consideration a statute permitting the allowance by the court of an attorney's fee to the successful party, whether complainant or defendant.

In 18 R. C. L., page 995, sec. 143, it is said:

"* * * The allowing of a claimant who forecloses a mechanic's lien to have an attorney's fee taxed as costs has been denied in some cases. The weight of the authority, however, is considered as supporting the contention that a statute providing for a reasonable attorney's fee in a suit for fore-

closure of a mechanic's lien where judgment is rendered for the plaintiff is not unconstitutional as granting unequal protection of laws, or as taking private property without compensation or due process of law. In this latter view, it is pointed out that the attorney's fees provided for are not fixed and determined by the statute nor imposed strictly as a penalty, but rather in the nature of costs of which the amount is to be determined by the court." Title Guaranty, etc., Co., v. Wrenn, 35 Ore. 62, 56 Pac. 271, 76 A. S. R. 454, and note.

In the last case it is said:

"If, on the foreclosure of a materialman's lien, there is evidence to support the trial court's allowance of attorneys fees an appeal from the judgment will not be reversed on the ground that the allowance is excessive."

We conclude this statute, section 7482, is general in its nature and uniform in its operation, and does not violate section 59, article 5, of the Constitution, and therefore is not open to the constitutional objection urged.

In several recent decisions of this court, the allowance of attorneys' fees in lien cases were upheld, upon the authority of section 7482, supra. Holland Banking Co. v. Dicks, 67 Okla. 228, 170 Pac. 253; Scott v. Iman et al., 74 Okla. 13, 176 Pac. 81; Hutchinson Lumber Co. v. Schrivener et al., 91 Okla. 293, 217 Pac. 854.

The court heard the evidence of qualified witnesses on the question of reasonable attorneys' fees and fixed the amount thereof at 12½ per cent. of the amount involved in the action.

No authorities are cited by defendant in its brief in support of its contention that this was an unreasonable sum for the services rendered.

We conclude upon an examination of the whole record that no error was committed by the trial court, and that the judgment should be affirmed.

By the Court: It is so ordered.

---

### On Petition for Rehearing.

Opinion by PINKHAM, C. It is insisted that the court in the opinion in this case entirely overlooked a question decisive of the case; that is, that the jury should have been permitted to decide on the amount of attorneys' fees.

The statute deemed applicable to the question raised is set out in the opinion as follows:

"In an action brought to enforce any lien the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee to be fixed by the court, which shall be taxed as costs in the action."

The case of Holland Banking Co. v. Dicks, 67 Okla. 228, 170 Pac. 253, is cited in the petition for rehearing herein in support of the contention that the amount of attorney's fee should have been left to the jury.

The fifth paragraph of the syllabus in the Holland Banking Co. Case, supra, dealing with the attorney's fee, reads as follows:

"Where an action is brought upon a promissory note for the foreclosure of a lien upon collateral given to secure the payment of said note, an attorney's fee under section 3877, Rev. Laws 1910 (section 7482, Comp. Stat. 1921), may be awarded the successful party in the action and taxed as costs, but the trial court is without authority to award such attorney's fee without evidence as to the value of such attorney's fee."

There is no contention, and there could be none, in view of the facts disclosed by the record, that the amount of attorney's fee involved herein was allowed by the court in the absence of evidence.

That part of the opinion in the Holland Banking Co. Case, supra, relied upon by plaintiff in error consists of a quotation from the case of Missouri Pacific Ry. Co. v. J. C. Merrill, 40 Kan. 404, 19 Pac. 793, which is as follows:

"The question of what was a reasonable attorney's fee was properly submitted to the jury. It is true the statute provides that the court shall allow a reasonable attorney's fee, which shall become a part of the judgment. The word 'court,' however, was doubtless used by the Legislature in the broader sense as including both judge and jury or judge alone, according as the court may be constituted when the trial occurs, What is a reasonable attorney's fee is a question of fact which should be submitted and determined the same as any other fact arising in the case."

The Missouri Pacific Ry. Co. Case, supra, did not involve the statute here in question (section 7482, supra). The case was based upon an entirely different statute, to wit, one having to do with actions against a railroad company for negligence.

We are clearly of the opinion that under the provisions of our statute (section 7482, supra), the court is authorized to allow reasonable costs to the lien holder and in fixing the amount thereof it may include

therein a reasonable attorney's fee based upon evidence submitted in the cause, and that the word "court" used in the said statute will be construed to be synonymous with "judge," when such construction is necessary to carry into effect the obvious intent of the Legislature.

We think the rehearing should be denied.

By the Court: It is so ordered.