## KEATON et al. v. BRANCH et al.

No. 14003—Opinion Filed Oct. 14, 1924.

Rehearing Denied Dec. 16, 1924.

**1. Costs—Attorney Fees—Validity of Statute—Lien Foreclosure.**

Section 7482, Comp. Stat. 1921, allowing a reasonable attorney fee to the prevailing party in lien foreclosure cases, is constitutional and valid.

**2. Appeal and Error—Questions of Fact—Conclusiveness of Findings.**

Where a jury is waived, and the cause tried to the court without a jury, and the findings and judgment of the trial court are amply supported by the weight of the evidence adduced at the trial, the appellate court is not at liberty to disregard the findings and judgment of the trial court.

**3. Same—Judgment Sustained.**

Record examined; and held, that the judgment of the trial court is amply supported by the evidence, and should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Stephens County; Cham Jones, Judge.

Action by J. P. Branch and George Doerge, a copartnership, against James R. Lewis and James R. Keaton. Judgment for plaintiffs, and defendants appeal. Affirmed.

H. Grady Ross and M. S. Singleton, for plaintiffs in error.

J. P. Speer, for defendants in error.

Opinion by SHACKELFORD, C. The plaintiffs in error were the defendants below, and the defendants in error were the plaintiffs. They will be referred to herein as plaintiffs and defendants as they appeared in the trial court.

The plaintiffs commenced this action in the district court of Stephens county, on December 2, 1921. They seek judgment in the sum of $650, with interest at six per cent. per annum from October 26, 1921, and foreclosure of mechanics' and materialmen's lien upon certain property described in the petition. They allege that they made a contract with the defendants to furnish material and erect a derrick upon certain property on which the defendants own an oil and gas lease, for use in drilling an oil and gas test, the contract price being the sum claimed; that they furnished the material and erected the derrick, and in due course filed the statutory lien claim; that defendants fail and refuse payment, and this suit resulted. They ask judgment for the contract price, and $100 attorney fees, and for foreclosure of their lien.

The defendants answered admitting that they are the owners of an oil and gas lease on the southeast quarter (S. E. ¼) of the southeast quarter (S. E. ¼) of section twenty-seven (27), township one (1) south, range eight (8) west, in Stephens county, the property on which the derrick was erected. They deny that they entered into a contract with the plaintiffs to furnish material and build a derrick, but claim the contract was made with Slayton & Branch. They further allege that the derrick was not built according to specifications, and for that reason was demolished and destroyed by the wind, and deny the allegations of the petition generally. The plaintiffs replied by general denial.

The case was called for trial on the 9th of May, 1922, and a jury having been waived, the cause was tried to the court, resulting in a judgment for the plaintiffs for the amount sued for, and $100 attorneys fees, and for foreclosure of the lien. The defendants prosecute appeal. They present in their brief the proposition that the judgment is not supported by the evidence, and is contrary to the law.

The first thing of which they complain is the judgment for attorney fees in the sum of $100, and the complaint made is that section 7482, Comp. Stat. 1921, authorizing allowance of an attorney fee in lien foreclosure cases, is unconstitutional and void. This section of our statutes was section 3877, Rev. Laws 1910, and was before the court for consideration in Holland Banking Co. v. Dicks, 67 Okla. 228, 170 Pac. 253, Scott v. Inman, 74 Okla. 13, 176 Pac. 81, Neves v. Mills, 74 Okla. 92, 176 Pac. 509, and in Holliday Oil Co. et al. v. Smith & Seidler, 100 Okla. 192, 228 Pac. 775. In all these cases the validity

of the section was upheld. This section provides for the allowance of a reasonable attorney fee to the prevailing party in lien foreclosure cases. It is contended that the section referred to contravenes section 1, art. 2, and section 6, art. 2 of the Constitution of the state of Oklahoma. Such contention cannot be upheld. This section of the statute as fully protects the defendants for their reasonable attorney fee as it does the plaintiffs in lien foreclosure cases. Both the plaintiffs and defendants are afforded equal protection of the law for the attorney fee. The section of the statute is not open to the attack made upon it. · Section 7482, Comp. Stat. 1921 allowing a reasonable attorney fee to the prevailing party in lien foreclosure cases, is constitutional and valid.

The question of the reasonableness of the fee was for the trial court, and the evidence tends to support the allegations, and, that being the condition presented, the appellate court will decline to find error.

The other questions raised are all questions of fact. There is no question but that the plaintiffs furnished the material and built the oil derrick for the defendants on their oil and gas lease, and no part of the price fixed has been paid. The court found the issues raised in favor of the plaintiffs. An examination of the record discloses that the findings and judgment of the trial court are amply supported by the evidence adduced upon the trial. That being the state of the record, the appellate court is not at liberty to disregard the finding and judgment of the trial court. The judgment appealed from should be affirmed, and we recommend that this be done.

The plaintiffs move for judgment on the supersedeas bond. The judgment appealed from was rendered on the 9th day of May, 1922, in the sum of $650, with interest at the rate of six per cent. per annum from October 26, 1921. To supersede the judgment of the trial court pending the appeal, the defendants filed a supersedeas bond in the sum of $1,500 with Fidelity & Deposit Company of Maryland as surety. The plaintiffs are entitled to judgment on the supersedeas bond.

Therefore, it is considered, ordered, and adjudged, that the plaintiffs J. P. Branch and George Doerge, a copartnership doing business as Branch & Doerge, do have and recover of and from the Fidelity & Deposit Company of Maryland, surety on the supersedeas bond of Lewis & Keaton (James R. Lewis and James R. Keaton, the sum of $650, with interest at the rate of six per cent. per annum from and after the 26th of October, 1921, and the costs of the action and of the appeal, for all of which let execution issue.

By the Court: It is so ordered.