Note.—See under (1) 25 Cyc. pp. 799, 874; (2) 25 Cyc. p. 811; (3) 25 Cyc. p. 874.

---

## SECURITY STATE BANK OF LEXINGTON v. PETERS et al.

No. 11979—Opinion Filed Feb. 3, 1925.

Rehearing Denied March 10, 1925.

**Appeal and Error—Sufficiency of Evidence—Verdict.**

Where the evidence reasonably tends to support the verdict, the judgment of the trial court will be affirmed.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from County Court, Cleveland County.

Action by J. D. Peters et al. against Security State Bank of Lexington, Oklahoma. From the judgment, the bank appeals. Affirmed.

Williams & Luttrell, for plaintiff in error.

Hutchin & Burke, for defendants in error.

Opinion by JONES, C. This suit was instituted by the defendants in error in the county court of Cleveland county, against plaintiff in error, to recover the sum of $658.84, with interest at the rate of six per cent. per annum from November 11, 1919. Plaintiffs alleged that the defendant had received the proceeds from the sale of 107 bales of cotton belonging to plaintiffs, and that after allowing the defendant for all the credits due it on the account of plaintiffs, there remained a balance of the above sum due them.

Defendant in its answer admitted that it was indebted to the plaintiffs in the sum of $419.78, and that it had made a tender to the plaintiff J. D. Peters in the sum of $209.89, or one-half of the amount due the firm; and further avers that the partnership between the plaintiffs J. D. Peters and J. E. Peters had been dissolved and settled, and the plaintiff J. E. Peters was indebted to the defendant in the sum of $311.36, and that it was entitled to set off the sum of $209.89 against this indebtedness, and that the defendant was entitled to recover judgment in its favor against J. E. Peters in the sum of $101.47, which is the amount of excess, or the difference between the amount that said J. E. Peters was indebted to the defendant and the amount that the defendant admitted that it was indebted to the plaintiff J. E. Peters.

The only substantial issue in the case raised by the pleadings was that of the rate of interest that the plaintiffs should pay to defendant on their cotton account, which was carried by the defendant. the Security State Bank of Lexington, Okla.

The plaintiffs contend that no express agreement was had at the time the account was opened as to the rate of interest to be paid, and that on or about November 4, 1919, and about the time the account was closed, plaintiffs had 107 bales of cotton on hand, the tickets for same being held by the bank as security on their indebtedness, and that plaintiffs had an offer or opportunity to sell said cotton, and that in a conversation with Mrs. Abernathy, president of the bank, the plaintiff J. D. Peters claims to have stated to Mrs. Abernathy that he had an offer on the cotton of 26½c per pound, and that there was going to be a loss on that account, and said to Mrs. Abernathy, "if you will take 6% interest on that cotton account, I will sell and stand whatever loss there may be"; that Mrs. Abernathy immediately called Mr. Hudsteth, who seemed to be an officer of the bank, and asked him what he thought about it, and after such conversation, Mrs. Abernathy told Peters to go ahead and sell the cotton, which he did.

Mrs. Abernathy admits that she had a conversation with Mr. Peters concerning the rate of interest, and stated that she would do what was right, but did not agree to reduce to, or charge 6% interest on the account.

The case was tried to a jury on the 29th day of July, 1920, a verdict returned in favor of the plaintiffs, finding for the plaintiff J. D. Peters, for the sum of $329.42, which is one-half of the amount sued for, and for the plaintiff J. E. Peters, the sum of $18.06, the amount due him after deducting his account due the bank of $311.36, which he admitted.

Defendant filed a motion for a new trial, which was overruled, from which order it prays an appeal. Defendant sets forth various assignments of error, but the only question for this court to determine is whether or not the evidence is sufficient to sustain the verdict of the jury. The only issue involved was the rate of interest charged, and the record discloses that there was a sharp conflict of evidence on this issue, which was submitted to the jury under proper instructions. And in such cases the verdict of the jury is conclusive, and will not be disturbed by this court on appeal, and we think this contention fairly presents the matter and is, in fact, the only question in this case, and this court has repeatedly held that where there is a substantial conflict in the evidence, or where there is any substantial evidence reasonably tending to support the verdict of the jury, the same will not be disturbed on appeal. Great Western Mfg. Co. v. Davidson Mill & Elev. Co., 26 Okla. 626, 110 Pac. 1096; First Natl. Bank (f Guymon v. Arnold, 28 Okla. 49, 113 Pac. 719; Binion v. Lyle, 28 Okla. 430, 114 Pac. 618; Hampton v. Culberson, 29 Okla. 468, 118 Pac. 134.

We therefore recommend that the case be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 853.