## BAKER et al. v. FARMERS & MERCHANTS STATE BANK.

No. 16300—Opinion Filed March 23, 1926.

**1. Appeal and Error—Sufficiency of Evidence—Mortgage Foreclosure.**

A judgment reached in the foreclosure of a mortgage and to recover indebtedness secured by the mortgage, tried to the court, will not be disturbed upon appeal if the judgment is reasonably supported by the evidence.

**2. Evidence—Foreign Judgment—Certified Transcript.**

For a foreign judgment to be competent for use as evidence in the trial of a cause, a transcript of the judgment roll, of which the judgment is a part, must be certified, either as is required by section 905 of the Rev. Laws of the United States (U. S. Comp. St. 1913, sec. 1519), or certified as is required by section 637, C. O. S. 1921.

**3. Costs — Allowance of Attorneys Fee in Action to Enforce Lien—Validity of Statute.**

Section 7482, C. O. S. 1921, is a valid statute and authorizes either party, or parties, to the action, who prevail, to recover a reasonable attorney's fee, to be fixed by the court, and to be taxed as costs in the action.

**4. Judgment Sustained.**

Record examined; held, sufficient to support judgment in favor of the plaintiff.

(Syllabus by Williams, C.)

Commissioners' Opinion, Division No. 2.

Error from Superior Court, Okmulgee County; J. H. Swan, Judge.

Action by the Farmers & Merchants State Bank of Tonganoxie, Kan., against Lee Baker and Bertie A. Baker. Judgment for plaintiff and defendants appeal. Affirmed.

A. W. Whitefield, for plaintiffs in error.

William C. Alley, for defendant in error.

Opinion by WILLIAMS, C. The parties herein will be referred to as they appeared in the trial court.

This action was instituted by the plaintiff against the defendants to recover on a promissory note, and to foreclose a mortgage given

to secure the same. Defendant in his answer admits the execution of the note and mortgage sued upon, but alleges that it was agreed by and between the defendant and plaintiff that the rents received from the building upon which the mortgage was given should be applied to the satisfaction of the mortgage and note sued upon herein; that $605 was so deposited with the plaintiff and the plaintiff failed to credit the defendants with such amount or any part thereof. Plaintiff replied, denying the allegations of defendant's answer. The defendant, after issues were joined and before trial, was given permission to amend his answer by interlineation so as to plead payment in full. A jury was waived and the issues submitted to the court. At the conclusion of the testimony, the Okmulgee Building & Loan Association filed a disclaimer. Judgment was rendered by the court for the plaintiff in the sum of $1,500, costs, and attorney's fees. Motion for new trial heard and overruled, and defendant brings error. The defendant urges many grounds for reversal in his petition in error. Only those, however, presented and argued in his brief will be considered.

The first assignment of error argued in plaintiff in error's brief is as follows:

"The learned trial court erred in rendering judgment against the plaintiffs in error and in favor of the defendant in error for $250 attorney's fees, or any other sum, for the reason that said note does not provide for attorney's fees; and in the absence of a contract therefor, attorney's fees cannot be collected in a suit upon a note, and to foreclose a mortgage."

In the case of C., R. I. & P. Ry. Co. v. Mashore, 21 Okla. 275, 69 Okla. 630, cited by the defendants, Judge Dunn had before him for consideration the construction of section 6915, Wilson's Rev. & Anno. St. of Oklahoma, which provided for the recovery of attorney's fees by the plaintiff in case of a recovery, and no provision for recovery by defendant in case he should prevail, and under those circumstances the section was held unconstitutional.

Section 3877, R. L. 1910, has been construed by this court in the case of Holland Banking Co. v. Dicks, 67 Okla. 228, 170 Pac. 253. After quoting the above section, which is as follows:

"In an action brought to enforce any lien the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action"

—the court said:

"It cannot be questioned that this action

was not only to recover upon the note sued upon, but also to enforce a lien which the plaintiff claimed to have on the stock evidenced by the certificates of stock which had been deposited as collateral for the note, and that therefore the defendants having recovered in the action, an attorney's fee for him may properly be included in the cost."

The court further says, commenting upon the authorities cited by the defendant in error:

"* * * We do not think these authorities are in point, for the reason that the amount of attorney's fee in each of said cases is fixed at ten per cent. in the note. In short, the amount of attorney's fee in said cases was contracted for at a given sum, and hence evidence was not necessary to establish the value of the attorney's fee involved in said cases."

In the case of Ardmore Hotel Co. v. J. B. Klein Iron & Foundry Co., 104 Okla. 125, 230 Pac. 734, the statute was attacked on the ground that it was in conflict with article 5, sec. 59, of the Constitution of the state, and the 14th Amendment to the Constitution of the United States. The court in the body of the opinion set out a number of cases, cited by the counsel in support of the unconstitutionality of the statute, among which is the case of the Railway v. Mashore, supra, and says:

"The other cases cited in defendant's brief affirmed the Mashore Case, supra, and are not, we think, applicable to the statute now under consideration, which provides: 'The party for whom judgment is rendered shall be entitled to recover attorney's fees;' and does not specify the plaintiff alone.

"It will be observed that the attorney's fees provided for in section 7482, supra, are not fixed and determined by the act, nor imposed strictly as a penalty—but rather in the nature of costs, of which the amount is to be determined by the court."

The court then closes its discussion of this question as follows:

"We conclude this statute, section 7482, is general in its nature and uniform in its operation, and does not violate section 59, article 5, of the Constitution, and therefore is not open to the constitutional objection urged."

To the same effect is Scott v. Iman et al., 74 Okla. 13, 176 Pac. 81; Hutchinson Lbr. Co. v. Schrivener et al., 91 Okla. 293, 217 Pac. 854. The last case on this question by our court is Keaton et al. v. Branch et al., 104 Okla. 287, 231 Pac. 289.

The second assignment of error urged by defendant is as follows:

"The learned trial court erred in not hold-

ing that while a bank might apply money on deposit toward the payment of any obligation due from the depositor to the bank, when this matter becomes an issue, then the burden is upon the bank to show that there was a valid claim due from the depositor to the bank, and it is error to shift the burden from the defendant, requiring the defendant to show that he did not owe the bank any sum or sums."

It will be observed that in this assignment of error the defendant admits the law to be, that where a bank holds various obligations of a defendant, and money is paid said bank to be applied upon such obligations, and no understanding between creditor and debtor as to what obligations the money so paid is to be applied, it is discretionary with the bank as to which obligation the money so paid is applied.

The defendant Baker testified that he had an understanding with the plaintiff, to the effect that all money derived from rent and paid to plaintiff should be credited upon the note sued upon in the instant case. The cashier of plaintiff's bank, Mr. Denholm, with whom defendant claims to have had the agreement as to the application of the money received, positively denied such arrangement or agreement. The defendant admits that at the time he borrowed the $1,500 sued upon herein he owed the plaintiff bank two notes, one for $583.86 and one for $1,600. The evidence shows that $500 of the $1,500 borrowed, and for which suit is brought in the instant case, was left on deposit in the plaintiff bank; that $482.36 of this $500 was applied by plaintiff bank to the payment of interest long past due on previous obligations. There is no contention that this amount was to be applied to the payment of the note sued upon in the instant case. Mr. Denholm testified that since the trial in the instant case was begun, he had a conversation with the defendant, in which defendant admitted his indebtedness to the plaintiff, and that he thought he would be able to get the money to pay the same. This testimony was uncontradicted by the defendant.

The third assignment of error is "that the court erred in refusing to admit in evidence and consider a judgment rendered in the state of Kansas against Lee Baker, Bertie A. Baker, and William Baker, for the sum of $4,114.70 and interest, and also showing it was satisfied for the reason that it showed that there was no other obligation due the bank from the plaintiffs in error to which this deposit could be applied."

It is the contention of the defendant that the abstract was admissible for the purpose of showing that all obligations except the one sued upon has been liquidated. The contention, we think, is untenable. The check for $482.36 was drawn on November 20, 1919, and shows on its face that it was for the payment of interest on past due paper other than the note sued on in the instant case. The abstract shows that the judgment was not rendered until June 30, 1923. This was an offer to prove there were no obligations existing from defendant to plaintiff antedating the date of the judgment, two and one-half years. None of the other checks were deposited in plaintiff bank to the credit of the defendant. The abstract offered was inadmissible for any purpose for the following reasons: First, the same is an abstract and not the judgment of the court; second, it reflects upon its face that the plaintiff was not a party to the same; third, the same is not exemplified as required by the acts of Congress in that the same is not certified to by any trial judge.

In the case of Block v. Schaffer, 62 Okla. 114, 166 Pac. 450, the syllabus reads as follows:

"A copy of a judgment rendered in a court of another state, when attested by the clerk of said court, with the seal of the court annexed, and certificate of the judge of said court, as is required by section 905 of the Rev. Laws of the United States (U. S. Comp. St. 1913, sec. 1519), is admissible as evidence in the courts of this state in a suit upon said judgment, even though the authentication of such judgment does not come up to the requirements of section 5098 of the Rev. Laws of Oklahoma, 1910."

The fourth and last assignment of error is as follows:

"The court erred in not giving the plaintiff in error credit moneys paid on the note, for the reason under the evidence the plaintiff in error was entitled to have all the rent money applied on this note, for that was the contract of the parties and the money was delivered to the bank and there was no other obligations due the bank to which this money could have been applied."

As to whether money received by defendant was to be credited upon the note sued upon was a question of fact submitted to the court, and the court found the issues against the defendant. It is the settled rule of this court that where a jury is waived, and the cause tried to the court, the judgment of the court must be given the same force and effect as the verdict of a properly instructed jury, and if there is any competent evidence reasonably tending to support the judgment of the trial court, the same will not be disturbed upon appeal. Security State Bank v. Peters, 106 Okla. 287, 233 Pac. 1008.

The judgment of the court is in all things proper, and should be and is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 879 § 2853. (2) 22 C. J. p. 845 § 999; p. 849 § 1008. (3) 15 C. J. p. 115 § 249. (4) 4 C. J. p. 1130 § 3122.