BRITT, Respondent, v. COTTER BUTTE MINES, Appellant.

(No. 7,869.)

(Submitted March 15, 1939.   Decided April 7, 1939.)

[89 Pac. (2d) 266.]

*Mr. W. D. Kyle,* for Appellant, submitted a brief, and argued the cause orally.

*Mr. H. L. Maury* and *Mr. A. G. Shone,* for Respondent, submitted a brief; *Mr. Shone* argued the cause orally.

MR. JUSTICE ERICKSON delivered the opinion of the court.

This appeal is from a judgment of the district court of Silver Bow county in an action wherein the respondent brought suit against the appellant for the recovery of compensation for services rendered by him to the appellant. The complaint stated two causes of action—the first on an express agreement for fixed compensation, and the second on a *quantum meruit.* It is alleged therein that the services were rendered for a period beginning on November 29, 1931, and ending October 14, 1937. On the trial the court upon motion withdrew the first cause of action from the consideration of the jury, basing its action upon the lack of evidence in proof of that cause. The case was submitted to the jury upon the second cause of action. A verdict was returned in favor of respondent, and thereafter he served and filed his memorandum of costs, which included an item, "Attorneys fees—H. L. Maury and A. G. Shone, $500.00." The appellant thereafter moved the court to disallow the item on the grounds that it was unauthorized by law, that the plaintiff was not employed by the defendant at fixed or any wages, and that, were such item proper, it was excessive and unreasonable in amount.

Three questions are raised by the appellant: (1) Are sections 3084 and 3089 of Chapter 264, Revised Codes of 1935, violative of the Fifth and Fourteenth Amendments to the federal Constitution, U. S. C. A., and section 27, Article III of the Constitution of the state of Montana? (2) Is the respondent within the class contemplated by section 3084? (3) Are the attorneys' fees allowed by the court so excessive that they should be reduced by this court?

Appellant's argument as to the first question seems to be aimed ▇ at section 3088, Revised Codes, 1935. We cannot see that that section is here involved. It provides that labor contracts may not stipulate that wages be paid other than semi-monthly. Since that question is not raised either in the pleadings or in the evidence certified to this court, we are not called upon to determine the constitutionality of section 3088.

That section 3089, providing for the allowance of attorneys' ▇ fees to the successful party in a suit brought under Chapter 264, supra, is constitutional cannot be doubted. In other jurisdictions similar statutory provisions have been attacked as not affording equal protection of the law. Where the statute provides that the successful party shall be awarded attorneys' fees as part of the costs that statute has uniformly been upheld. (*Granite Rock Co.* v. *Freeman,* 93 Cal. App. 507, 269 Pac. 668; *Keaton* v. *Branch,* 104 Okl. 287, 231 Pac. 289; *Baker* v. *Farmers' & Merchants' State Bank,* 117 Okl. 93, 245 Pac. 555; *Ardmore Hotel Co.* v. *J. B. Klein Iron & Foundry Co.,* 104 Okl. 125, 230 Pac. 734.)

In *Builders' Supply Depot* v. *O'Connor,* 150 Cal. 265, 88 Pac. 982, 17 L. R. A. (n. s.) 909, 119 Am. St. Rep. 193, 11 Ann. Cas. 712, cited by appellant, the court found unconstitutional an Act which provided that the lien claimant, if successful, should be entitled to attorneys' fees, but did not provide for recovery of fees by the defendant, if he were successful. That case has no application here, as section 3089 provides for recovery by the employer if successful, as well as for recovery by the employee in the event he is the successful party. The section does not violate the due process provisions of either the state or federal

Constitutions; nor does it deny to either party the equal protection of the law.

An examination of the portion of the evidence presented to us ▇ in the transcript indicates that respondent comes within the provisions of section 3084, and so entitled to recovery of attorneys' fees as part of his costs. The section provides: "From and after June 1, 1919, every employer of labor (except agricultural labor), whether a person, copartnership, or corporation, in the state of Montana, shall pay to his employee the wages earned each and every fifteen days in lawful money of the United States, or checks on banks convertible into cash on demand full face values thereof, and all such wages shall be due and payable, and shall be paid by such persons, copartnership, or corporation not later than the fifth and twentieth day of each calendar month for all such wages earned up to and within five days of the date of such payment; provided, however, that if at such time of payment any employee shall be absent from the regular place of labor, he shall be entitled to such payment at any time thereafter; provided further, that this Act shall not affect any person, copartnership, or corporation, foreign or domestic, who shall have already established, and shall continue to maintain, a semi-monthly or weekly pay-day."

Section 3089 provides: "Whenever it shall become necessary for the employee to enter or maintain a suit at law for the recovery or collection of wages due, as provided for by this Act, then such judgment shall include a reasonable attorney's fee in favor of the successful party, to be taxed as part of the costs in the case."

The portion of the testimony certified to the court is meager. It is difficult to tell of what respondent's work consisted, but the allegations of the complaint are that his job was to act as watchman, messenger and general repairman around appellant's mine. The answer admits that his duties were to watch the mine property and to protect it. The jury by its verdict found that respondent performed services for the appellant, and we must presume the services were of the nature alleged in the complaint and admitted in the answer. It does not seem open to

question to us that the services performed by respondent are within the provisions of section 3084.

There are many definitions of the term "labor." This court in *McBride* v. *School Dist. No. 2*, 88 Mont. 110, 290 Pac. 252, held that a school teacher was not a laborer under section 3084. *Meands* v. *Park*, 95 Me. 527, 50 Atl. 706, holds that under some circumstances a foreman does not perform labor within the meaning of a similar Act. Webster's New International Dictionary, second edition, among other definitions defines labor as "the service rendered or part played by the laborer, operative and artisan in the production of wealth, as distinguished from the service rendered by capitalist or by those whose exertion is primarily and almost entirely mental." This definition distinguishes between the situation in the *McBride Case,* supra, and the present one. The school teacher's work is almost entirely mental exertion, while in the case of the respondent his work required bodily exertion, whether at the moment he was repairing the mine, acting as messenger or watching the mining properties. It is apparent that while he was repairing the mine or acting as messenger, he was performing labor under the definition of Webster's New International Dictionary, supra. Certainly, that work involved physical exertion rather than mental. That is also true as to the services as a watchman, and it has been so held in *McAdams* v. *Ellis,* 5 Ga. App. 262, 62 S. E. 1001. In the *Georgia Case* the court construed a statute providing for certain exemptions to laborers on garnishment of their wages, and the court held that a night watchman was a laborer within the meaning of the statute.

Appellant further argues that where the suit is on *quantum meruit* for the reasonable value of services, the claimant does not come within the provisions of Chapter 264. That question has been determined against his contention by this court on two occasions. The decision in *Gardiner* v. *Eclipse Grocery Co.,* 72 Mont. 540, 234 Pac. 490, 494, reveals that the argument that attorneys' fees should not be allowed as costs was based on the fact that the complaint did not ask for them. The suit there was on *quantum meruit* for the reasonable value of services un-

der the provisions of sections 3084 and 3089, Chapter 264, supra. No question was raised as to the propriety of the action under the section where the suit was on *quantum meruit* and not an action brought to recover on an agreement providing for a regular fixed wage. It was assumed by counsel that the Chapter was applicable. The court in passing said: "The legislature has seen fit to include a reasonable attorney's fee as a part of the costs in such an action as this." The court held that the action was properly instituted under the chapter and allowed recovery of fees as part of the costs.

In a recent case, *Swanson* v. *Gnose,* 106 Mont. 262, 76 Pac. (2d) 643, 646, 115 A. L. R. 244, recovery was allowed of attorneys' fees under this chapter even though the action was on *quantum meruit.* In that case it was argued that the award of attorneys' fees was intended as a penalty for failure to pay on a semi-monthly basis. The court said: "We do not see the force of that argument. * * * The two provisions [secs. 3084 and 3089] appear in separate sections and are not dependent, one upon the other." Appellant seeks to distinguish that case from the present one because the complaint there set up the reasonable value of the services on the basis of so much per day for the services performed, rather than in a lump sum. We cannot see the force of this argument. If this argument were valid, respondent could be awarded attorneys' fees, had he alleged value of his services for each day and then aggregated them, but he could not recover if he alleged, as here, the total value of his services, without itemizing them by the day. There is nothing in the statute to indicate a legislative intent to produce such a result. Under the language of the *Swanson Case,* supra, it is clear that the court determined that the only thing necessary to be established by the claimant in order to have attorneys' fees taxed as costs was that his claim was for "labor" within section 3084. This respondent has done, and he is entitled to recover attorneys' fees under section 3089.

But appellant argues that, if attorneys' fees are allowable as costs, the amount allowed, $500, is excessive and should be

reduced by this court. Had the full record been certified, it might have been possible for this court to determine the reasonableness of the fees allowed. Since we do not have all of the testimony and have no means of knowing the amount of preparation necessary properly to present this case, the length of time required in its trial, and many other questions, it is impossible for us to determine that question. All of these matters are peculiarly within the knowledge of the court below. No evidence appears in the record to the effect that the fees allowed were unreasonable. Apparently the motion to retax costs was submitted without the support of any testimony to the effect that the fees were unreasonable. We must presume that the lower court was correct in allowing the fees included in the costs.

The judgment is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS, ANGSTMAN and STEWART concur.