FLORENCE GUARASCIO, Claimant and Respondent, *v.*
INDUSTRIAL ACCIDENT BOARD, Defendant and Appellant.

No. 10417.

Submitted June 15, 1962. Decided August 23, 1962.

374 P.2d 84.

James A. Robischon (argued orally), Butte, for appellant.

H. J. Massman and Hollis Gay Connors (argued orally), Helena, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal from a judgment of the district court of Silver Bow County reversing an order of the Industrial Accident Board.

The respondent and claimant is Florence Guarascio, the widow of Louis Guarascio; the appellant and defendant is the Industrial Accident Board.

The claim for compensation arises out of the following facts. The deceased, Louis Guarascio, was an itinerant terrazzo tile worker and a resident of Salt Lake City, Utah, at the time of his death.

From the record it appears that the Cahill-Mooney Construction Co. was the general contractor for the construction of the Silver Bow County hospital in Butte, Montana. A subcontract for magnesite and terrazzo tile flooring was awarded to Roy Ayers doing business as the Bozeman Granite Works. One Arthur Kauffmann was responsible for supervising the installation of the tile flooring and was empowered to hire and discharge employees in connection with the subcontract. Said employees were covered under Plan III of the Workmen's Compensation Act by the Cahill-Mooney Construction Co.

In July 1959, Kauffmann contacted one Harold Wagner of Salt Lake City, Utah, to secure the latter's assistance in obtaining skilled tile workers for the Butte hospital job. At this time the deceased Guarascio was working in New Orleans, Louisiana. In his talk with Wagner, Kauffmann discussed the possible employment of the deceased and also the fact that he would be

willing to pay Guarascio travel pay from Salt Lake City, Utah, to Butte, Montana.

On August 1, 1959, Kauffmann talked on the telephone to Guarascio, in which conversation the latter was offered a job on the Butte hospital. On the following day, Sunday, August 2, 1959, the deceased left Salt Lake City in his own automobile en route to Butte, Montana. At approximately 8:00 P.M., August 2, 1959, Guarascio met his death in a one car accident on U. S. Highway No. 91 near Lima, Montana.

Guarascio's widow made a claim for benefits under the Montana Workmen's Compensation Act. After hearing the matter the Industrial Accident Board denied and dismissed the claim. By stipulation the matter was submitted for review to the district court of Silver Bow County upon the record of the Industrial Accident Board and briefs of counsel. The district court made its findings of fact and conclusions of law and entered a judgment reversing the Board's order and directing that the Board pay to the claimant widow the benefits to which she is entitled under the Workmen's Compensation Act.

The issues presented by the foregoing facts are: first, whether or not the deceased workman was an employee of the subcontractor to Cahill-Mooney Construction Co. at the time he met his death; and, second, if so, whether or not he was acting within the course and scope of that employment at the time of the accident.

Before considering the second issue set forth above, the basic premise of employment must be established. Marker v. Zeiler, 140 Mont. 44, 367 P.2d 311 (1961). Applicable at this point is section 92-411, R.C.M.1947, which defines an employee as ''every person in this state * * * who is in the service of an employer * * * under any appointment or contract of hire, expressed or implied, oral or written * * *.'' Whether or not the decedent Guarascio was an employee at the time of his death within the meaning of the above-quoted statute depends on whether or not

there was a contract of hire between said decedent and the sub-contractor to the Cahill-Mooney Construction Co.

In this regard, a perusal of the record reveals that Mr. Kauffmann possessed the power to hire and fire employees in connection with the subcontract to lay the tile flooring, that Mr. Kauffmann contacted the deceased relative to the Butte hospital job, and that Kauffmann offered the deceased Guarascio a job on the Butte project. A further examination of the record indicates that claimant's witnesses, Harold Wagner, Delores Wagner, and the claimant widow testified that the deceased Guarascio understood himself to be so employed by Kauffmann and left his home on August 2, 1959, to go to the job in Butte, Montana. We believe that this is sufficient evidence to show that on August 2, 1959, at the time of his death, Louis Guarascio was employed (on the Butte hospital job) as terrazzo tile layer by the subcontractor to the Cahill-Mooney Construction Co. within the meaning of the statute.

██ Section 92-411, portions of which are quoted, supra, clearly contemplates the informal, oral type of employment contract, which is involved in the instant case. We think the conduct of Mr. Kauffmann was such as to lead a reasonable man to believe he was being employed, and that is all that is needed. See Zurich General Accident & Liability Assur. Co. v. Ind. Acc. Comm., 132 C.A. 101, 22 P.2d 572, 573 (1933).

Finding a contract of hire between the decedent and the sub-contractor to the Cahill-Mooney Construction Co., we must next inquire into whether or not Guarascio's death arose out of and in the course of his employment as required by section 92-614, R.C.M.1947.

Although we have no case factually identical to the instant case, a somewhat related situation was presented in Griffin v. Ind. Acc. Fund, 111 Mont. 110, 106 P.2d 346, which the appellant contends controls the case at bar. In the Griffin case the workman, after completing his regular shift, received fatal injuries resulting from a fall on a sidewalk while proceeding to

his home. In denying the widow claimant compensation, this court said: "* * * a workman is not entitled to compensation for injuries received while traveling to and from his place of work by an instrumentality not under the control of the employer, and when he is subjected only to the ordinary street hazards common to all pedestrians." Suffice it to say that this language does not support appellant Board's position for the simple reason that, at the time of his death, Guarascio was not traveling to or from his home, but rather, to the job in Butte, Montana, for which travel he was to receive remuneration.

However, reading on in the Griffin case, supra, we find the following relevant language: "* * * if the employee is injured while carrying on the business of the employer for which he was employed, there is liability even though the injury occurred off the premises of the employer or by an instrumentality not under control of employer.

"It does not follow that an injured workman can never recover for injuries received in ordinary street hazards. A person injured on the street or highway is entitled to compensation when, as part of his employment, he is using the streets or highways in carrying on the work of his master."

In like manner, we agree with the authorities who hold that an injury suffered by an employee while performing an act for the mutual benefit of the employer and employee is compensable, because when some advantage to the employer results from the employee's conduct, his act cannot be regarded as purely personal and wholly unrelated to the employment. For an annotation see 161 A.L.R. 1454.

In the instant case, the decedent Guarascio was carrying on the business of his employer by transporting himself to Butte, Montana, so that he could be on the job as soon as possible. Furthermore, the employer recognized the benefit to it by virtue of the fact that the decedent workman was to receive monetary compensation for the time spent traveling to the job.

In Morgan v. Ind. Acc. Bd., 133 Mont. 254, 321 P.2d 232, this court made the following observation:

"What is the underlying principle? In cases where some reasonably immediate service to the employer can be discerned the claim has been sustained. Where there has been no reasonably immediate service, the claim has been denied. Such impresses us as a fundamental rule and guide for the liberality to which this court is necessarily and properly committed and for which claimant's counsel so earnestly contend. See R.C.M.1947, § 92-838; Sullivan v. Roman Catholic Bishop, 103 Mont. 117, 61 P.2d 838; Yurkovich v. Industrial Accident Board, 132 Mont. 77, 314 P.2d 866, citing Tabor v. Industrial Acc. Fund, 126 Mont. 240, 247 P.2d 472, and other cases. Beyond this each decision must be controlled by the particular facts and circumstances of the particular case. Partoll v. Anaconda Copper Min. Co., 122 Mont. 305, 203 P.2d 974, supra. Our opinion proceeds upon that premise."

■ The record here substantiates the findings of the district court, but we wish to again state, as we did in the Morgan case, that we " 'do not intend to establish any precedent * * * Our decision is limited to the facts in the case now before us.' Kennedy v. Thompson Lumber Co., supra, 223 Minn. 277, 26 N.W. 2d 459."

The judgment is affirmed.

MR. JUSTICES ADAIR, DOYLE and JOHN C. HARRISON concur.

MR. JUSTICE CASTLES dissenting:

I dissent. Even though the majority opinion carefully confines the holding to the peculiar facts and circumstances of the case, I believe the evidence clear that the claimant was not an employee at the time of the accident, nor was he in the course of his employment. Griffin v. Ind. Acc. Fund, 111 Mont. 110, 106 P.2d 346, should control here.