**JACK COATES FIELD SERVICE COMPANY and Hartford Accident and Indemnity Company, Petitioners,**

**v.**

**Gladys Chandler DUTTON and the State Industrial Court of the State of Oklahoma, Respondents.**

**No. 41491.**

Supreme Court of Oklahoma.

Feb. 1, 1966.

As Corrected Feb. 15, 1966.

Rehearing Denied March 22, 1966.

Second Petition for Rehearing Denied May 24, 1966.

Fenton, Fenton, Smith & McCaleb, Oklahoma City, for petitioners.

William C. Cheek, Ray Teague, Cheek, Cheek & Cheek, Charles Nesbitt, Atty. Gen., Oklahoma City, for respondents.

WILLIAMS, Justice.

Gladys Dutton, claimant, filed a claim before the State Industrial Court for death benefits under the provisions of the Workmen's Compensation Law against Jack Coates Field Service Company and its insurance carrier, Hartford Accident and Indemnity Company.

A trial judge of the State Industrial Court entered an order finding that the deceased sustained an accidental personal injury arising out of and in the course of his hazardous employment on July 17, 1964, which resulted in his death and awarded the death benefits to the deceased's widow, the claimant herein. The order was adopted and affirmed when appealed to the State Industrial Court en banc.

For clarity, the parties will be referred to herein as they appeared in the trial tribunal.

The sole question involved in the review is whether the deceased was an employee of the respondent at the time of his death.

The testimony showed that on July 16, 1964, the deceased had secured employment with the respondent in Oklahoma City, to go to Kentucky to buy oil and gas leases. While at the respondent's office the deceased completed miscellaneous forms for employment and was issued gasoline credit cards and a $200.00 check as an advance. The deceased also executed a document which is entitled "Employment Confirmation." The pertinent part of this document provides the following:

"Effective date of employment July 18, 1964. * * * Travel time allowed to job site: Two days. Date you are to report to job: 7-20-64."

The deceased was given a work kit which contained various papers and documents for use in connection with his assignment in Kentucky. He was to use his private automobile for traveling but was given an allowance for maintenance and was issued the credit cards to purchase gas and oil.

The claimant testified that on the night of July 16th the deceased studied the material in the work kit and he decided that he would leave Oklahoma City on the following day (July 17) so he wouldn't have to drive so fast. The testimony showed that the distance from Oklahoma City to the destination point in Kentucky was between 900 and 1000 miles.

The deceased left for Kentucky on the afternoon of July 17, 1964, and the gasoline credit tickets show that he bought gasoline in Tulsa, Oklahoma, Joplin, Missouri and Seymour, Missouri. The accident report of the Missouri Highway Patrol shows that the deceased was killed in Carter County, Missouri, as a result of an automobile accident.

The respondents cite El Reno Broom Co. v. Roberts, 138 Okl. 235, 281 P. 273 and Hill v. Drumright Lumber Company, Okl., 327 P.2d 650, for the proposition that the relationship of employer-employee is a first prerequisite to any award under the Workmen's Compensation Law. With this principle we agree.

The respondents contend further that the deceased was not an employee at the time of his death for the reason that the ef-

fective date of employment, as shown by the employment confirmation document, was July 18, 1964. They cited Lewellen v. William A. Collins Shows, 237 Ark. 132, 371 S.W.2d 833, as being analogous to the instant case. In the Lewellen case, supra, the claimant was a carnival worker who had been hired to work for William A. Collins Shows. His duties were to assist patrons on and off the rides and help assemble and disassemble the rides when the carnival moved from one location to another. The claimant was hired on September 2, 1961, and he was to start work on September 10, 1961. The exact time of the injury was not known but it occurred sometime between the evening of September 9 and the morning of September 10. The testimony showed that he had no duties before the morning of September 10. The testimony further showed that he was drinking intoxicants around 7 o'clock the evening he was injured, and that by around midnight he was drunk.

The instant case is distinguishable from the Lewellen case, supra. The deceased in the instant case was killed while traveling to his place of duty in Kentucky. He was paid for his traveling time and expenses. He was engaged in work connected with his employer's business. It appears that the provisions of the document relate primarily to matters concerning salary, expenses and allowances, and that the provisions pertaining to "effective date of employment" and "travel time allowed to job site" relate to effective date of pay and maximum time allowed for traveling to the job site for pay purposes. The employment contract does not appear to treat employee's date of departure as critical.

The facts in the instant case are similar to the facts in Scalia v. American Sumatra Tobacco Co., 93 Conn. 82, 105 A. 346; Guarascio v. Industrial Accident Board, 140 Mont. 497, 374 P.2d 84; and Filson v. Bell Telephone Laboratories, Inc., 77 N. J.Super. 320, 186 A.2d 320, wherein the decedents were held to be employees when killed while traveling to their respective places of employment, where the employer was furnishing transportation or was paying traveling expenses.

Inasmuch as we interpret the contract of the parties to intend that the points of time set forth therein were of the essence only insofar as it fixed the amount of travel time for which pay would be allowed and further fixed the time when deceased's pay period would commence and that the time of departure by the decedent from Oklahoma City for his place of employment was not of the essence, and decedent was actually on his way to the place of employment at the time of his death, we can only conclude that the decedent must be treated as an employee at the time of his death.

Award sustained.

JACKSON, V. C. J., and DAVISON, BLACKBIRD, IRWIN, BERRY and HODGES, JJ., concur.

HALLEY, C. J., and LAVENDER, J., dissent.

HALLEY, Chief Justice (dissenting).

I dissent to the majority opinion because it is absolutely contrary to the plain provisions of the contract of employment involved in this case.

The first two paragraphs of the employment confirmation are as follows:

"NAME OF EMPLOYEE William A. Dutton. It is understood that this employment confirmation applies only on the job that you are presently to be assigned and certain terms hereunder may vary on future jobs depending upon the terms of our contract with our Client Company. A new employment confirmation will be prepared at the beginning of each additional job to which you may be assigned. Employment may be terminated at any time by employer or employee.

"Effective date of employment July 18, 1964. Transfer _____. Travel time allowed to the job site: Two Days. Date you are to report to job: 7-20-64. For travel time at termination of job, please read Sections 'III. Travel time' and 'V. Termination', which paragraphs are contained in 'Employment Policies' attached hereto."

Under this contract the deceased did not and could not go to work until July 18, 1964. He was killed on July 17, 1964, To allow a recovery in this case is to totally disregard the plain provisions of a written contract.

I must dissent.

I am authorized to state that LAVENDER, J., joins me in dissenting.