Opinion by
Mr. Justice Moore.
Plaintiff in error, hereinafter referred to as the claimant, is the widow of one M. O. Sands who died on December 6, 1964, from injuries sustained in an accidental fall which occurred on November 17, 1964.
There is but one question presented for our determination by the record in this case and that is, whether M. O. Sands was an employee of Ralph L. Wolff, doing business as Associated Cleaners, at the time of the accident which resulted in his death. The Industrial Commission held that Sands was not an employee of Wolff and that his surviving spouse was not entitled to benefits under the Workmen’s Compensation Act. The district court affirmed that finding.
In very brief summary the business relationship between Sands and Wolff was as follows. In the early part *44 of 1962 Mr. Sands had made contacts with various persons who at regular intervals delivered articles of clothing to him to be cleaned and pressed. Sands would take the clothing to cleaning establishments selected by him and after the work was done would deliver the clothing to the owner and collect the charge that was made for the service. Just prior to doing business with Mr. Wolff, Mr. Sands had been taking his business to A. A. Cleaners but he “became dissatisfied” and contacted Wolff about the first of April, 1962, and the latter agreed to do his work. The agreement between them was that Sands was to- receive 40% of the established charge and Wolff was to receive 60% thereof. The following appears in the testimony of the only witness whose evidence related to the nature of the business relationship between them:
“Q. Now, when he brought these clothes in, the work that he brought in, what did he do with it when he brought it into your shop?
“A. He brought them in in bundles with a slip of paper showing the name and address. We, in turn, my wife works up front, she took the items and marked them in and priced them and they were cleaned. And after cleaning, they were taken back and put together, assembled, we call it. And then he picked them up from the plant and took them out to his route where he collected from his customers.”
Sands drove his own automobile to pick up clothing from customers and deliver it to their owners after it was cleaned. Wolff did not bill the customers or collect anything from them. The 60% due him was paid to him by Sands. It further appears from the record, without contradiction, that Sands was not controlled in any way by Wolff. The “route” was worked by Sands as he saw fit. He adjusted accounts with his own clients in any way, extending credit as he alone decided. Wolff testified, inter alia, as follows:
“Q. Did you hold out anything in the way of social *45 security or for income tax purposes, anything of that nature?
“A. No, because I wasn’t paying him.
“Q. He was paying you?
“A. He was paying me.”
There is no evidence in the record tending to prove that Wolff ever employed Sands. Exactly the opposite is true. Sands had his own business, his own route, and his own customers. He was engaged in soliciting a cleaning and laundry business for himself. Not having a shop or equipment with which to do the work he was “farming out” that portion of the business to others.
In Dumont v. Teets, 128 Colo. 395, 262 P.2d 734, where the facts were somewhat similar to those involved in the instant action, this court considered the question of whether certain persons performing a sales service were “employees” or “independent contractors,” and there it was held that they were not “employees” as that term is used in the Colorado Unemployment Compensation Act.
In Brush Hay and Milling Company v. Small, 154 Colo. 11, 388 P.2d 84, there appears an analysis of the various tests to be used in determining the question of whether a person is an “employee” or an “independent contractor.” Application of those tests to the facts in that case resulted in a holding that the claimant was an independent contractor. The tests there applied are equally applicable here, and require a similar holding.
The judgment is affirmed.
Mr. Justice Day and Mr. Justice Pringle concur.