462

JOHN McMILLEN et al., Claimant and Respondent, v. ARTHUR G. McKEE AND COMPANY, Defendant and Appellant.

No. 12805.
Submitted Nov. 19, 1974.
Decided Dec. 26, 1974.
Rehearing Denied Jan. 7, 1975.
529 P.2d 1380.

MR. JUSTICE CASTLES dissented and filed an opinion.

Poore, McKenzie, Roth & Robischon, James A. Robischon (argued), Donald C. Robinson (argued), Butte, for defendant and appellant.

Corette, Smith & Dean, Kendrick Smith (argued), Butte, for claimant and respondent.

MR. JUSTICE HASWELL delivered the Opinion of the Court.

This is a consolidated appeal by the employer and its insurer from two judgments of the district court of Silver Bow County, awarding workmen's compensation benefits to two injured employees in companion cases.

Claimants are John and Robert McMillen, employees of Arthur G. McKee & Company, a contractor engaged on a job of smelter improvement in Anaconda, Montana, under a written contract. Defendant is General Accident Fire & Life Assurance Corporation, a private insurance company, the Plan II insurer of the McKee Company under the Montana Workmen's Compensation Act.

The ultimate issue for review is whether the employees were injured in the course and scope of their employment so as to entitle them to workmen's compensation benefits under the

Montana Act. The Workmen's Compensation Division and the district court held they were. We affirm.

The two McMillen brothers lived in Butte and traveled each workday to and from the Anaconda job site where they had been employed for about two years. Each was paid $4 per day travel allowance under the terms of a union contract providing in material part:

"* * * Travel pay or subsistence shall be for days worked. * * * The mileage and amount of travel pay or subsistence shall be as follows:

"Zero to 12½ miles.................................................................none
"Over 12½ to 25 miles.............................................................$2.50
"Over 25 to 50 miles...............................................................$4.00
"Over 50 miles.......................................................................$8.00"

John McMillen purchased a used Dodge truck three days before the accident in question. It had some 71,000 miles on it at the time of purchase, but John testified he carefully checked the car before purchase and found it safe.

On Monday morning, July 2, 1973, the two McMillen brothers were seriously injured in a single car accident while enroute to work. Due to some mechanical failure of the Dodge truck, the rear wheels locked, the truck overturned, and both McMillens were injured. The accident occurred on the highway between Butte and Anaconda before they reached the job site. The cause of the accident was something over which neither the employees nor the employer had any control.

Prior to the day of the accident, both employees had been paid $4 per day for each day worked in addition to their wages. The amount paid was called "the mileage and amount of travel pay or subsistence". On the itemized breakdown attached to their checks, there is a column headed "Subs. Travel" in which this payment was entered. The employer did not deduct any taxes on this travel pay, but each employee paid income taxes on the travel money.

Neither employee received any travel pay on the day of the accident.

The claims of each employee were heard by the Workmen's Compensation Division. The Division entered findings of fact, conclusions of law, and an order awarding compensation. The substance of the Division holding was that the travel allowance was paid as an incentive "to get the men to come on the job" and a benefit to the employer; that accordingly each suffered an accidental injury arising out of and in the course of his employment; and, that each was entitled to benefits under the Montana Act including compensation, medical expense and attorney fees.

On appeal to the district court, the cases were heard on the record before the Workmen's Compensation Division without additional evidence. The district court adopted the findings of facts and conclusions of law of the Division, and entered judgment affirming the Division award of benefits.

The employer and insurer now appeal from the judgment of the district court.

The issue is whether under the facts and circumstances of this case the two employees suffered accidental injuries "arising out of and in the course of" their employment within the meaning of Montana's Workmen's Compensation Act. Section 92-614, R.C.M.1947.

A review of some prior decisions of this Court on compensation coverage where an employee is injured "going or coming" to and from the job furnishes the background for our determination.

In Griffin v. Industrial Accident Fund, 111 Mont. 110, 106 P.2d 346, compensation was denied a foreman injured in a fall on a city sidewalk when returning home from work. The basis of denial was that the sidewalk was not used by the employer in carrying on his business in which the employee was employed and consequently the employee was injured only by an ordinary street hazard common to all pedestrians.

In Morgan v. Industrial Accident Board, 133 Mont. 254, 260, 321 P.2d 232, 235, claimant, a union shop steward, was injured in an automobile accident while traveling from Miles City to Forsyth. In denying compensation, this Court pointed out that at the time of injury claimant was on union business and not within the scope of his employment. The Court laid down this principle:

"Under the particular circumstances, where the accident occurred is irrelevant. If claimant was injured within the scope of his employment, the fact that he was injured 'after hours' and 'off premises' is incidental. Even in 'street risks', the scope, not the place of employment controls."

Guarascio v. Industrial Accident Board, 140 Mont. 497, 501, 374 P.2d 84, granted compensation where an itinerant terrazzo tile worker residing in Salt Lake City was killed in an automobile accident enroute from Utah to Butte, Montana to aid in construction of a hospital there. At the time of the accident Guarascio was being paid a travel pay allowance based upon his hourly rate of pay multiplied by the number of hours necessary to travel from Salt Lake City to Butte, plus an allowance for subsistence and transportation costs. .

In *Guarascio* after finding "[an] informal, oral type of employment", this Court laid down the test of compensability in "going and coming" cases in terms of whether some reasonably immediate service to the employer was involved:

"In the instant case, the decedent Guarascio was carrying on the business of his employer by transporting himself to Butte, Montana, so that he could be on the job as soon as possible. Furthermore, the employer recognized the benefit to it by virtue of the fact that decedent workman was to receive monetary compensation for the time spent traveling to the job.

"In Morgan v. Ind. Acc. Bd., 133 Mont. 254, 321 P.2d 232, this Court made the following observation:

" 'What is the underlying principle? In cases where some reasonably immediate service to the employer can be discerned

the claim has been sustained. Where there has been no reasonably immediate service the claim has been denied. Such impresses us as a fundamental rule and guide for the liberality to which this Court is necessarily and properly committed and for which claimant's counsel so earnestly contend. [Citing authority]. Beyond this each decision must be controlled by the particular facts and circumstances of the particular case. [Citing authority]. Our opinion proceeds upon that premise.'

"The record here substantiates the findings of the district court, but we wish to again state, as we did in the Morgan case, that we 'do not intend to establish any precedent    *    *    *    Our decision is limited to the facts in the case now before us.' "

The employer and insurer contend that *Guarascio* is distinguishable on the basis that there the employee was paid hourly wages for his travel time in addition to subsistence and travel costs indicating that the travel involved was for the benefit of his employer. They contend that the method of payment is crucial to determination of benefit to the employer, which controls compensability.

██ ██ We disagree. Although benefit to the employer is an important factor in determining compensability, the payment of hourly wages for travel time is not necessarily a universal condition precedent. In the instant case, the union contract singled out for special consideration a travel allowance and testimony at the hearing indicated it was paid as an incentive to get men out on the job. This contractual fact supports the finding of the Division and the district court that the travel allowance was for the benefit of the employer within previous holdings of this Court.

This is consistent with the majority rule in the United States that a workman is usually entitled to compensation when injured during travel to or from his employment where he receives a specific allowance to get to and from his job. 1 Larsen, Workmen's Compensation Law, § 16.20 et seq. 1 Larsen, Work-

men's Compensation Law, § 16.30, p. 4-112, summarizes the principle and its rationale:

"However, in the majority of cases involving a deliberate and substantial payment for the expense of travel, or the provision of an automobile under the employee's control, the journey is held to be in the course of employment. This result is usually correct, because when the subject of transportation is singled out for special consideration it is normally because the transportation involves a considerable distance and therefore qualifies under the rule herein suggested: that employment should be deemed to include travel when the travel itself is a substantial part of the service performed. The sheer size of the journey is frequently the principle fact supporting this conclusion, as in the successful cases involving trips of eight miles, 20 miles, 22 miles, 30 miles, 50 miles, 54 miles, 60 miles, 120 miles, and 130 miles.

The employer and insurer also argue that the union contract providing for a travel allowance is irrelevant to compensability because the meaning of the phrase "arising out of and in the course of his employment" must be determined by the rules of statutory construction. They further contend that employers and employees can not contract themselves in and out of coverage under the Workmen's Compensation Act by the terms of a union contract.

This contention is specious. The statutory language cannot be interpreted in a vacuum. It must be interpreted in the context of the facts of the particular case before the court. The union contract providing for travel allowance is a fact. Payment of the travel allowance is another fact. The purpose of payment to provide an incentive to get the employees on the job is a third fact. And the benefit to the employer is a final fact. The statutory language is simply applied to these facts and the meaning determined.

We have considered all the cases, statutes and authorities cited by counsel. We hold that the employees here were injured

in an accident "arising out of and in the course of his employment" and their injuries are therefore compensable. Our decision is limited to the facts of the case before us.

The employer and insurer seek to raise the issue of the constitutionality of section 92-616, R.C.M.1947, providing for an award of reasonable costs and attorney fees where compensation has been denied and the claim is later found to be compensable. We decline to rule on this issue because it was not timely raised.

The constitutionality of this statute was not raised in proceedings before the Workmen's Compensation Division nor in the district court. Neither ruled thereon, and the issue was raised for the first time on appeal. Under such circumstances, the issue is untimely and will not be considered on appeal. Britt v. Cotter Butte Mines, 108 Mont. 174, 89 P.2d 266; State ex rel. Anderson v. State Bd. of Equal., 133 Mont. 8, 319 P.2d 221.

The judgment of the district court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES DALY and JOHN C. HARRISON, concur.

MR. JUSTICE CASTLES (dissenting):

I dissent. The accident did not arise out of and in the course of employment. Whether it be travel allowance or subsistence or any other negotiated fringe benefit, does not make it in the course of employment so far as industrial accidents are concerned.

I also dissent to the majority's declination to rule on constitutionality.