No. 86-459

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

HAROLD J. LASSABE,

        Claimant and Appellant,

   -vs-

SIMMONS DRILLING, INC.,
        Employer,
   and

ARGONAUT INSURANCE COMPANY,

        Defendant and Respondent.

---

APPEAL FROM: The Workers' Compensation Court, The Honorable Timothy
Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Cotter & Cotter; Michael W. Cotter argued, Great Falls,
        Montana

    For Respondent:

        Garlington, Lohn & Robinson; Robert E. Sheridan argued,
        Missoula, Montana

---

Submitted: June 2, 1987

Decided: August 17, 1987

Filed: AUG 17 1987

*Ethel M. Harrison*
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Claimant appeals the order of the Workers' Compensation Court denying him Workers' Compensation benefits for injuries he received in an automobile accident. We reverse the order of the Workers' Compensation Court and remand the case for further proceedings.

Claimant Harold J. Lassabe filed a petition with the Workers' Compensation Court after Argonaut Insurance Company, the insurer for Simmons Drilling, Inc., denied liability for Lassabe's injuries and refused to pay benefits to him. Prior to trial, the parties stipulated that the issue of liability on the part of Simmons Drilling would be litigated separately from the questions of disability benefits, costs and attorney fees. The sole issues submitted to the Workers' Compensation Court at the hearing were:

1. Whether Lassabe was an employee of Simmons Drilling at the time of the automobile accident?

2. Whether Lassabe was within the course and scope of his employment for Simmons Drilling at the time of his accident?

Since the Workers' Compensation Court found it could decide the case by a preponderance of probative credible evidence on the second issue, the court held that Lassabe was not in the course and scope of his employment when he was injured and did not reach the first issue. Lassabe has appealed the court's judgment on the above two issues.

Simmons Drilling is a corporation involved in oil exploration and drilling operations. In January, 1982, Simmons Drilling had a drilling rig operating approximately 40 miles southwest of Newcastle, Wyoming. Drilling crews

working on the rig had temporary living quarters at a motel in Newcastle. The crews worked a twenty-one day on, seven day off schedule. During their seven days off, the crews were free to come and go as they pleased.

Alvin Robinson was a driller for Simmons Drilling. In mid-January, 1982, he returned to his home in Kevin, Montana, during his seven days off. While he was there, he hired a crew to work for him on the Newcastle rig. Among those whom he contacted to work was Harold Lassabe. Robinson arranged for Lassabe and two other men to drive Robinson's car from Kevin to Newcastle so the crew could begin work on the midnight tower January 24. On the morning of January 23, Robinson and his wife left for Newcastle, followed by the drilling crew in Robinson's car. North of Vaughn, Montana, the car carrying the drilling crew was involved in an accident. Lassabe, who was in the front passenger seat, hit his head on the windshield and injured his neck, lower back and left side. Lassabe was taken to a hospital in Great Falls, and the remainder of the crew and the driller Robinson continued on to Newcastle. Robinson reported the accident to the rig manager when he arrived in Newcastle.

Montana law provides that an employee who receives an injury arising out of and in the course of his employment is entitled to disability benefits. Section 39-71-407, MCA. Before considering whether Lassabe was acting within the course and scope of employment, the basic premise of employment must be established. Guarascio v. Industrial Accident Bd. (1962), 140 Mont. 497, 499, 374 P.2d 84, 85. Whether or not Lassabe was an employee of Simmons Drilling at the time of the accident depends on whether or not there was an employment contract between the two parties. Id. at 499-500, 374 P.2d at 85. An employment contract may be

expressed or implied, oral or written. Section 39-71-118(1)(a), MCA.

The Workers' Compensation Court found that Robinson was the driller employed by Simmons Drilling on the Newcastle project to supervise one of the crews. Robinson, as the driller, had the responsibility of rounding up his own crews. The court found that the "ultimate responsibility or authority to accept [a crew member] for employment" was with the rig manager or "tool pusher," that position being filled, at the time of the accident, by a man named John Chamber. However, Chamber himself testified that in actual practice he never refused employment to any person Robinson brought out to the rig. Chamber further testified that in his twenty-five years of experience in the oilfield as a hand, driller, and tool pusher, the customary practice was for the tool pusher to hire the driller, and for the driller to hire his own crew. The driller was the direct supervisor of his crew, and arranged for all the transportation of the crew to the drilling locations.

Thus in the practice of oilfield hiring, when Robinson contacted Lassabe and the other crew members to come to work for him, and when he thereafter arranged for them to drive in his car and arrive in Newcastle the following day, such conduct by the driller would reasonably lead Lassabe to conclude he was employed. The three crew members had with them in the car at the time of the accident all of their workclothes, hardhats, boots and other equipment for working on the rig. Lassabe and another crew member testified it was their understanding they were to begin their shift upon arrival in Newcastle, after checking into the motel where the crew was housed. We hold that the above facts are sufficient to lead a reasonable person to believe he was employed. Such a reasonable belief as to employment is all that is needed to

find a person is an employee.  Guarascio, 140 Mont. at 500, 347 P.2d at 85.

We next turn to the issue of whether Lassabe was within the course and scope of his employment.  The general rule is that injuries sustained by an employee while going to or from work are not compensable.  Christian v. Nicor Drilling Co. (Okla. 1982), 653 P.2d 185, 186; Hagerman v. Galen State Hospital (1977), 174 Mont. 249, 251, 570 P.2d 893, 894.  A number of exceptions have arisen to this general rule.  Some exceptions are applied when the employer provides transportation to the job site, or pays travel expenses, or whenever the nature of the work itself creates a necessity for travel.  Christian v. Nicor Drilling Co., 653 P.2d at 186; Austin Drilling Co. v. Rice (Okla. App. 1980), 616 P.2d 446, 450 (citing Fluor Engineers & Contractors, Inc. v. Kessler (Okla. 1977), 561 P.2d 72, 74).  The Oklahoma Supreme Court has enunciated the policy behind these exceptions:

> These exceptions rest on the law's awareness that in certain situations both the employer and the employee derive mutual benefit from the inclusion of travel in the course of employment.  This is particularly true of the oil industry.  When drilling sites are at locations remote from population centers, transportation is commonly provided by the employer for the mutual benefit of all parties.

Christian v. Nicor Drilling Co., 653 P.2d at 186 (footnotes omitted).

In Guarascio, this Court stated, "an injury suffered by an employee while performing an act for the mutual benefit of the employer and employee is compensable, because when some advantage to the employer results from the employee's conduct, his act cannot be regarded as purely personal and wholly unrelated to the employment."  Guarascio, 140 Mont. at 501, 347 P.2d at 86.  In this case, the benefit to the

employer Simmons Drilling is to have a dependable crew ready so the rig can run continuously. If the driller failed to show up with a crew, the rig would have to shut down, or the previous crew would have to be kept on at overtime pay. In either case the company would lose money. It was Simmons Drilling's policy to have the driller round up his own crew and transport them to the rig in time for the next shift. Alvin Robinson was in the course of doing just that when the accident occurred which injured Lassabe. Moreover, the single purpose of Lassabe's trip was to go to the site of his employment in a transportation mode furnished by the driller, all to the benefit of the employer.

We hold that Lassabe, as an employee of Simmons Drilling, was within the course and scope of his employment at the time of the January 23 accident.

The judgment of the Workers' Compensation Court is reversed, and the case is remanded for further proceedings.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

- 6 -

Mr. Justice Fred J. Weber dissents as follows:

I disagree with the majority conclusion that Mr. Lassabe was injured within the course and scope of his employment. The majority refers to Simmons Drilling's policy of having the driller round up his own crew and transport them to the rig in time for the next shift. It is true that Simmons Drilling paid the driller mileage for using his own car to transport the drill crew from Newcastle, Wyoming, to the drill site, which was classed as a remote site. We must distinguish that from the present trip. Here, the driller was returning from his seven-day sabbatical during which he did not work. Simmons Drilling did not pay anything to the driller for driving his own car from Shelby, Montana, to Newcastle, Wyoming, a distance of several hundred miles.

The general rule with regard to payment of travel expense or furnishing of a vehicle by the employer is summarized in 1 Larson, Workmen's Compensation Law, § 16.31 at 4-181 and 4-200 (1985):

> However, in the majority of cases involving a deliberate and substantial payment for the expense of travel, or the provision of an automobile under the employee's control, the journey is held to be in the course of employment. This result is usually correct, because when the subject of transportation is singled out for special consideration it is normally because the transportation involves a considerable distance, and therefore qualifies under the rule herein suggested: that employment should be deemed to include travel when the travel itself is a substantial part of the service performed.

The numerous cases upon which Larson bases his conclusion cover situations where the employer pays a deliberate and substantial payment for the expense of travel or provides an automobile. Neither of these conditions is present here.

7

The present case does not fit any of the recognized exceptions to the general rule which establishes that travel to and from work is not covered by workers' compensation. The effect of the majority opinion is to create a new exception which could be placed under the general heading of "general benefit to employer."

As authority for its conclusion, the majority cites Guarascio. That case is significantly different from the present case because Mr. Guarascio was to receive compensation for the time spent traveling to Butte. Guarascio, 374 P.2d at 86. There is no comparable arrangement in the present case. Travel or travel time which is paid for by the employer is distinct from ordinary travel time by any employee from his place of residence to his place of work. Because Mr. Lassabe was not compensated in any way for his travel time from Shelby, Montana, to Newcastle, Wyoming, the majority's opinion raises many new questions.

For example, what decision should be reached if the driller himself had been injured in the accident? It seems clear to me that we could not find this was in the course of his employment because no payment was made by the employer to the driller for either travel time or travel expense. Certainly Mr. Lassabe should not have a greater right than the driller, an already existing employee.

The majority points out that the single purpose of Mr. Lassabe's trip was to go to the site of his employment in a transportation mode furnished by the driller, all for the benefit of the employer. The mode of transportation was furnished by the driller; it was not furnished by the employer. Standing alone, benefit to the employer has never been a sufficient basis to hold that an employee was within the course and scope of his employment.

8

I would affirm the determination that Mr. Lassabe was not within the course of his employment at the time of the accident.

_____
Justice

Chief Justice J. A. Turnage and Justice L. C. Gulbrandson concur in the foregoing dissent.

_____
Chief Justice

_____
Justice