No. 88-491

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

ROBERT HICKS,

     Claimant and Appellant,

  vs.

GLACIER PARK, INCORPORATED,

     Employer,

    and

CNA INSURANCE COMPANY,

     Defendant and Respondent.

APPEAL FROM:  The Workers' Compensation Court of the State of Montana,
The Honorable Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

John H. Bothe; Bothe & Lauridsen, P.C., Columbia Falls, Montana

    For Respondent:

Todd A. Hammer; Warden, Christiansen, Johnson & Berg, P.C.,
Kalispell, Montana

Submitted on Briefs: January 12, 1989

Decided: February 13, 1989

Filed:

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Claimant Robert Hicks appeals the judgment of the Workers' Compensation Court which denied his claim for compensation benefits. Claimant was injured in a car accident which the Workers' Compensation Court concluded did not arise out of and in the course of his employment. We affirm.

Briefly, the facts are as follows:

Claimant was a seasonal worker in Glacier National Park employed by the respondent as a bellhop at the Many Glacier Hotel. While on duty on the evening of July 20, 1987, a guest of the hotel asked the claimant to drive his vehicle from an upper parking lot to the entrance of the hotel. Claimant agreed to this, but found the car had a weak battery. Claimant push-started the car and drove it from the parking lot to the hotel entrance. Claimant, who considered himself something of a mechanic, told the guest about the problem and informed him the car would have to be driven in order to charge the battery. Claimant also informed him the car would have to be moved because it was in a fire lane. The guest asked claimant to take care of the problem and claimant agreed.

Claimant, with the assistance of the desk clerk, Luther Johnson, push-started the car. With Johnson as passenger, claimant drove the car through the parking lot at a high rate of speed, failed to stop at a stop sign, then continued to drive down the park road at an increasingly high rate of speed.

Park enforcement ranger Dona Taylor saw claimant run the stop sign and exceed the posted speed limit. Taylor pursued the car, and used her emergency lights to stop the

claimant. Johnson testified that when he told claimant a ranger was behind them, claimant refused to stop, but instead he "put the pedal to the metal." Officer Taylor could not catch up to the car, even traveling to speeds of 75 miles per hour. On the twisting mountain road, claimant eventually lost control of the car, and caused the vehicle to leave the road and strike a tree. The accident site was approximately two and one-half miles from the hotel. Officer Taylor calculated claimant's speed to be 97 miles per hour when the accident happened. Claimant suffered injuries to his head, knee and foot.

The Workers' Compensation Court ruled claimant's injuries did not arise out of and in the course of his employment. The court also found that, even if claimant had been acting within the scope of his employment when he initially drove the vehicle, he deviated from the scope of his employment when he decided to evade the law enforcement officer. Claimant now argues the court erred because it denied compensation for injuries sustained while performing acts in an unauthorized manner, as distinguished from the performance of unauthorized acts. Claimant argues the performance of his duties in a negligent or unlawful manner does not constitute a deviation from the course of his employment.

While we agree with this general statement of the law, we disagree with its applicability to this factual situation and with claimant's analysis of the Workers' Compensation Court's judgment. The court concluded claimant's injuries did not arise out of and in the course of his employment. The court addressed the issue of compensability further by assuming the act of driving a guest's car to charge the battery was within the course of claimant's employment. The analysis was academic and does not afford a basis for appeal.

3

In Steffes v. 93 Leasing Co., Inc. (1978), 177 Mont. 83, 88, 580 P.2d 450, 453, we stated the following rule:

> "It is a generally recognized principle that when an employee departs from the area where his job requires him to be, to pursue an objective in nowise essential to or incidental to any service he is paid to perform, the continuity of the employment is severed, and remains severed until he now returns to the point of deviation from the path of duty, to where in the performance of his duty he is required to be." (Emphasis original.)

In Steffes we noted that in determining whether to apply the deviation rule, consideration is given to (1) the character of the employee's deviation, whether pronounced or inconsequential; (2) the materiality and purpose of the deviation; (3) the reasonableness of the employee's behavior in light of all the circumstances; (4) whether the deviation caused or contributed to the injuries suffered; and (5) the time and space in which the deviation occurred. Steffes, 580 P.2d at 454, citing Blair, Reference Guide to Workmen's Compensation Law, § 9.25.

Claimant's suggestion that he was benefiting his employer by driving the guest's car down a winding mountain road and evading a law officer at speeds reaching 90 miles per hour strains credulity. According to hotel's operations manual, which claimant denied receiving, a bellhop's responsibilities included: meeting with tour guides; transporting luggage to guests' rooms; escorting guests to assigned rooms; and delivering ice, rollaways, and extra towels to guests' rooms. Of importance to this appeal is the following provision:

PARKING CARS FOR GUESTS:
    Guest is to park their (sic) own
    vehicle, advise of proper area.

4

Nothing in the operations manual authorized the claimant to drive the guest's car. Additionally, claimant admitted he did not have permission from a supervisor to drive the guest's car. Claimant argues, however, that his job was to satisfy the guests, and he was doing this when he took the car to "charge the battery." Claimant supports his argument by pointing to the following language in the operations manual:

> 8. BELLMEN SHOULD BE OUT FRONT, ANTICIPATING THE NEXT CHECK-IN AND GIVING SERVICE TO GUESTS. DO NOT SIT AROUND BELL STAND. THERE IS ALWAYS SOMETHING TO DO, KEEP BUSY. (Emphasis original.)

and the employee handbook:

> As a park concessioner, Glacier Park, Inc.'s primary responsibility is to provide quality service to all who come to visit the wilderness mountain area located in spectacular Glacier National Park, Montana.

Essentially, claimant argues his job was to do anything to serve the guests. We reject this interpretation of claimant's scope of employment. Claimant was employed as a bellhop. He was not employed as a valet parking lot attendant, a mechanic, a delivery person or a race car driver. Claimant worked for a hotel, which was not in the automotive or delivery service.

We have held that where some reasonably immediate service to the employer can be discerned, the claim should be sustained; where there is no reasonably immediate service, the claim should be denied. Steffes, 580 P.2d at 453, citing Guarascio v. Industrial Accident Board (1962), 140 Mont. 497, 501, 374 P.2d 84, 86. The Workers' Compensation Court concluded that while it is "arguable that charging a car battery for a hotel guest might benefit the employer in some

5

sense," it is clear to this Court claimant had deviated from the course of his employment. The accident happened nearly two and one-half miles from where claimant was supposed to be stationed. Claimant was driving a guest's car at dangerous speeds on a twisting mountain road in the dark of night, and was attempting to evade a law enforcement officer. Additionally, the injuries were the direct result of claimant's deviation from the course of his employment. As the Workers' Compensation Judge noted, "[t]he direct cause of claimant's injuries was his reckless abandonment of common sense. . ." The employer received no reasonably immediate service or benefit from the claimant's conduct and the claim for compensation was properly denied.

The judgment of the Workers' Compensation Court is affirmed.

_/s/ John Conway Harrison_
Justice

We concur:

_/s/ J. A. Turnage_
Chief Justice

_/s/ R. C. Gulbrandson_

_/s/ William E. Hunt, Sr._

_/s/ R. C. McDonough_
Justices