William M. OLSEN, Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, Rocky Mountain News, and Continental Casualty Company, Respondents.

No. 90CA0995.

Colorado Court of Appeals,
Div. I.

April 25, 1991.

Rehearing Denied May 23, 1991.

Certiorari Denied Oct. 21, 1991.

Philip A. Klein, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Paul H. Chan, Asst. Atty. Gen., Denver, for respondent Indus. Claim Appeals Office.

White and Steele, P.C., David J. Nowak, Lina C. George–Sauro, Denver, for respondents Rocky Mountain News and Continental Cas. Co.

Opinion by Judge DUBOFSKY.

William M. Olsen, claimant, seeks review of the final order of the Industrial Claim Appeals Office ruling that he was not an employee of respondent, Rocky Mountain News (the News), under the Workers' Compensation Act, § 8–40–101, et seq., C.R.S. (1990 Cum.Supp.). We set aside the order and remand for further proceedings.

In July 1988, claimant responded to a notice that the News was seeking adults to

deliver newspapers. He was hired by a News employee, Norm Weston, whose title was district manager, and assigned a route. Claimant was to be paid five cents per paper. The News provided claimant with a list of customers' names and addresses, instructed him to report any shortages or overages to the News, and required that deliveries be made by 6:00 or 6:30 A.M. Claimant delivered papers on the route from July 22 to July 31.

On July 25, however, he was approached by Grady Perkins, who was in charge of a delivery district for the News. Perkins asked claimant to take one of his routes. Claimant believed that, like Weston, Perkins was a district manager and an employee of the News. Perkins identified himself as a district manager, as did a trip manifest issued by the News. Perkins told claimant he could reach him at the News. Perkins wore a button which stated "D.M." for District Manager.

The News, however, regarded Perkins not as an employee, but as an independent buyer/distributor. District managers who were News employees oversaw most of the routes, but the News used a few distributors like Perkins. Perkins had no actual authority under his contract to hire employees on behalf of the News. Neither Perkins nor the News informed claimant that Perkins was not a district manager or that claimant no longer had a direct contractual relationship with the News.

Claimant agreed to take one of Perkins' routes and gave up his old route. He delivered papers on the new route from August 1 until August 7, when he was injured while delivering papers.

The Administrative Law Judge found that claimant had an implied contract of hire with the News and that he was an employee because he was subject to the News' control and direction. The ALJ also found that the News was estopped from denying the existence of an employment relationship because it had vested Perkins with apparent authority to hire claimant as an employee and did not notify claimant that the nature of his relationship with the News had changed when he took the route

offered by Perkins. The Panel reversed, finding insufficient evidence to support a conclusion that a contract of hire existed between claimant and the News, and ruling that estoppel cannot create an employment relationship under the Workers' Compensation Act. Petitioner has not asserted that the News was a statutory employer under § 8–40–203 (1990 Cum.Supp.).

There are two issues before us. The threshold issue is whether claimant had a contractual relationship, or "contract of hire" with the News created by estoppel. If claimant had a contractual relationship, we then must determine whether the relationship constituted employment within the scope of the Workers' Compensation Act.

## I.

Claimant contends that the Panel erred in ruling that estoppel cannot create an employment relationship under the Workers' Compensation Act. We agree. In our view, the ALJ correctly applied estoppel principles in finding that claimant's initial direct contractual relationship with the News continued after the change in routes.

Under § 8–40–202(1)(b), C.R.S. (1990 Cum.Supp.), as under the predecessor statute in effect in 1988, service performed by one person for another cannot be employment covered by the Workers' Compensation Act in the absence of a "contract of hire, express or implied" between the parties. *See Hall v. State Compensation Insurance Fund,* 154 Colo. 47, 387 P.2d 899 (1963); *State Compensation Insurance Fund v. Industrial Commission,* 135 Colo. 570, 314 P.2d 288 (1957). We construe that statutory wording as permitting a contract of hire to be implied by estoppel.

In a workers' compensation setting, the requirement of a contract of hire should not be applied in a technical or formal way, but should be interpreted broadly to protect workers. *Romero v. U–Let–Us Skycap Services, Inc.,* 740 P.2d 1004 (Colo.App.1987); *see also Rocky Mountain Dairy Products v. Pease,* 161 Colo. 216, 422 P.2d 630 (1966).

■ Under master and servant law, aspects of an employment arrangement may be enforced based on the doctrine of promissory estoppel, *see Continental Air Lines, Inc. v. Keenan,* 731 P.2d 708 (Colo.1987). We thus conclude that, when construed broadly, the statutory phrase "any contract of hire, express or implied" includes contractual and quasi-contractual relationships created by estoppel. *See Zurich General Accident & Liability Assurance Co. v. Industrial Accident Commission,* 132 Cal. App. 101, 22 P.2d 572 (1933); *Holland v. Georgia Hardwood Lumber Co.,* 214 S.C. 195, 51 S.E.2d 744 (1949).

■ Here, the record supports the ALJ's conclusion that the News was estopped from denying a contractual relationship with claimant after the change of routes. A contract of hire may arise even though the employer does not intend to enter one, if the employer's conduct causes the worker reasonably to believe that he or she is being employed. *See Zurich General Accident & Liability Assurance Co. v. Industrial Accident Commission, supra; Guarascio v. Industrial Accident Board,* 140 Mont. 497, 374 P.2d 84 (1962); *Holland v. Georgia Hardwood Lumber Co., supra.*

Both Perkins and the News identified Perkins as a district manager like Weston. Perkins informed claimant that he could be reached at the News, and the News would relay messages to Perkins. Neither Perkins nor the News ever informed claimant that Perkins was an independent distributor. These actions and omissions by the News are sufficient to support a reasonable belief by claimant that he continued to have a contractual relationship with the News. And, claimant's decision to take the route offered by Perkins could properly be considered as an action in reliance on that reasonable belief.

■ Accordingly, we can conclude that the evidence and law supports the ALJ's determination that the doctrine of estoppel precluded the News from denying that its initial contractual relationship with claimant had ended with the intervention of Perkins. *See* 1C A. Larson, *Workmen's Compensation Law* § 48.16 (1990) (contract of hire with new employer requires knowledge and consent of employee).

II.

We also conclude that the claimant's contractual relationship with the News was an employment relationship covered by the Workers' Compensation Act.

■ The ALJ found that the News exercised control and direction over claimant's work by directing the time and place for delivery of the papers. These findings of the ALJ are supported by the evidence and are sufficient to establish that claimant was not an independent contractor, but an employee. *See Industrial Commission v. Santarelli,* 109 Colo. 84, 122 P.2d 239 (1942); *cf. Sands v. Industrial Commission,* 160 Colo. 42, 413 P.2d 702 (1966); *Brush Hay & Milling Co. v. Small,* 154 Colo. 11, 388 P.2d 84 (1963).

■ Although the contracts used by Perkins and the News characterized workers like claimant as independent contractors, such language is not controlling. *See Faith Realty & Development Co. v. Industrial Commission,* 170 Colo. 215, 460 P.2d 228 (1969); *Dana's Housekeeping v. Butterfield,* 807 P.2d 1218 (Colo.App.1990).

■ The ALJ's findings also support a conclusion that claimant was an employee under the "relative nature of the work" test. *See Brush Hay & Milling Co. v. Small, supra; Dana's Housekeeping v. Butterfield, supra.* The record shows that in addition to paper carriers it regarded as independent contractors, the News also had a staff of employees who delivered papers. Delivery of newspapers was not a separate calling or enterprise from the business of the News. *See Deterts v. Times Publishing Co.,* 38 Colo.App. 48, 552 P.2d 1033 (1976).

The order is set aside and the cause is remanded to the Panel for further proceedings consistent with this opinion.

PIERCE and CRISWELL, JJ., concur.